No. 13268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE ex rel., JOHN S. FORSYTHE,

Relator,

-vs-

DISTRICT JUDGE ALFRED B. COATE,
Judge of the Sixteenth Judicial District,
County of Rosebud; MR. GENE HUNTLEY,
Attorney at Law; and JOHN DOE, FOREMAN
of the Rosebud County Grand Jury,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Eugene A. Lalonde argued, Billings, Montana
John H. Forsythe appeared, Billings, Montana

For Respondents:

Hon. Alfred B. Coate, District Judge, argued, Forsyth,
Montana
Gene Huntley argued, Baker, Montana

---

Submitted: February 24, 1976

Decided: MAR 12 1976

Filed: MAR 12 1976

Thomas J. Kearney
Clerk

PER CURIAM:

This is an original application by the Rosebud County attorney for a writ of prohibition or other appropriate relief (1) to disqualify the district judge from sitting upon a grand jury investigation, and (2) to have a special prosecutor appointed from outside the sixteenth judicial district to assist the grand jury.

Relator is John S. Forsythe, the county attorney of Rosebud County, Montana. Respondents are District Judge Alfred B. Coate, one of the district judges of the sixteenth judicial district; Gene Huntley, the special prosecutor, an attorney residing within the sixteenth judicial district in Fallon County, Montana; and Charles Eustice, foreman of the Rosebud County grand jury.

On January 6, 1976, Judge Coate called and empaneled a grand jury in Rosebud County to examine the county's criminal justice system. Gene Huntley was named as special prosecutor because the county attorney's office was one of the subjects of investigation. According to the special prosecutor's affidavit, he has proceeded with an investigation of several matters which he intends to present to the grand jury if permitted to do so, all of which involve the county attorney. It appears from statements made upon oral argument that no testimony or evidence has been taken by the grand jury to date.

On February 13, 1976, the instant proceeding was filed on behalf of the county attorney and an ex parte presentation made. The gist of the county attorney's application is that (1) Judge Coate acted in excess of his lawful authority in sitting upon the grand jury's investigation, and (2) the grand jury and Judge Coate acted in excess of their lawful authority in appointing Gene Huntley to serve as special prosecutor before the grand jury.

This Court ordered an adversary hearing to determine whether we would accept jurisdiction. We ordered respondents to answer, plead, and file legal memoranda.

The adversary hearing was held on February 23, 1976. At the outset, we declined jurisdiction of the first issue. We accepted jurisdiction of the second issue, viz. the legality of the appointment of Gene Huntley as special prosecutor.

Relator contends the district judge has no power and authority to appoint a special prosecutor. He argues that here the district judge substantially participated in the selection of the special prosecutor and accordingly exceeded his lawful authority. He seeks by writ of prohibition or other appropriate relief to have the grand jury request the attorney general to appoint a special prosecutor from outside the sixteenth judicial district.

The foundation of relator's position is his contention that the statutory provisions relating to the appointment of a special prosecutor are mandatory and exclusive. He refers the Court to sections 95-1405(e) and 95-1406(c), R.C.M. 1947.

Section 95-1405 relates to the powers and duties of a grand jury and provides in pertinent part:

> "(e) If, in the judgment of the grand jury, the services of an expert are necessary, the grand jury may employ one or more at an agreed compensation, to be first approved by the court. If, in the judgment of the grand jury, the services of assistants to such expert are required, the grand jury may employ such assistants, at a compensation to be agreed upon and approved by the court."

Section 95-1406 relates to when and from whom the grand jury may ask advice and who may be present during its sessions. This statute provides in pertinent part:

> "(c) Where requested to do so by the grand jury of any county, the attorney general or county attorney may employ special counsel and investigators, whose duty it shall be to investigate and present the evidence in such investigation to such grand jury."

- 3 -

Section 95-1405(e) is permissive and not mandatory. Its language is "may", not "must" or "shall". The comment of the Criminal Law Commission to this statute supports this construction:

> "The provision is substantially the same as existing law, however it is permissive rather than mandatory and it provides for assistants and experts to aid the grand jury."

Being permissive, it can hardly be construed as the exclusive method of appointing a special prosecutor, particularly in view of the provisions of section 95-1406(c) relating to the appointment of a special prosecutor by the attorney general.

The same can be said of section 95-1406(c). The language used is permissive -- "the attorney general or county attorney may employ special counsel and investigators". (Emphasis added). This language is neither mandatory nor exclusive. A request by the grand jury to the attorney general or county attorney is a condition precedent to the appointment of a special prosecutor by either.

This brings us to the basic question -- May the district judge appoint the special prosecutor?

Admittedly no express power is granted the district judge to appoint a special prosecutor. Is such power necessarily implied from the express power granted?

The district judge is expressly granted these powers relating to grand juries, among others, by statute:

(1) The discretionary power to summon a grand jury when he considers it necessary, section 95-1401.

(2) Appointment of a grand jury foreman, section 95-1403.

(3) Instructing and charging the grand jury, sections 95-1404; 95-1406(d).

(4) Approval of grand jury expenses and claims, section 95-1405(e),(f).

- 4 -

(5) Advising the grand jury when requested, section 95-1406(a).

(6) Subpoena of witnesses, section 95-1407.

(7) Hearing indictments of the grand jury, section 95-1410(b)(1) and acting on them, section 95-1410.

The intent of the legislature to place the district judge in overall charge of grand jury proceedings is apparent from the foregoing grant of powers. In the exercise of those express powers, the district judge must have the implied power to appoint a qualified special prosecutor where, as here, the county attorney is disqualified from acting as prosecutor. Otherwise grand jury proceedings in such case could be brought to a halt and the entire grand jury investigation frustrated. Nothing in this case suggests in any way an abuse of discretion by the district judge.

The grand jury here made the appointment whether recommended by the district judge or not. Whether the county attorney approves of this choice is entirely beside the point because under the circumstances here he has no power of appointment.

Accordingly, the petition of the county attorney is dismissed.