No. 13442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

STATE ex rel. JOHN S. FORSYTHE,

Relator,

-vs-

DISTRICT JUDGE ALFRED B. COATE,
Judge of the Sixteenth Judicial
District, County of Rosebud,

Respondent.

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Eugene LaLonde argued, Billings, Montana
Lee Overfelt, Billings, Montana

Submitted: July 7, 1976

Decided: JUL 13 1976

Filed: JUL 13 1976

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an application for a writ of supervisory control ordering the reinstatement of relator, John S. Forsythe, as county attorney of Rosebud County. Following the return of an indictment from the Rosebud County grand jury accusing relator of official misconduct, he was suspended from his office without pay by order of the district court dated May 19, 1976. The indictment charged relator violated his duty to diligently prosecute public offenses by dismissing charges against four persons who were accused of participating in an illegal card game.

On or about October 19, 1975, sheriff's deputies investigating alleged illegal gambling activities entered Buff's Bar in Forsyth, Montana. Upon observing a game of blackjack in progress, they arrested the bar's owner, the card dealer, and four customers who were playing in the game.

The cases were originally set for arraignment on November 17, 1975, and later reset to November 26, 1975. On that date relator filed a motion to dismiss the cases against the four customers: Clyde V. Thompson; Marjorie R. Dobson; Lester P. Leischner; and Joe D. Opp. Arraignment for all six defendants was continued to December 11, 1975.

On December 4, 1975, relator filed an Information against the owner and the dealer charging them with illegal gambling. An affidavit was filed in support of the Information naming the four customers as witnesses and indicating that they had participated in the game.

At the hearing of December 11, 1975, the owner entered a plea of "guilty" to Count I of the Information charging him with conducting an unauthorized card game. He entered a plea of "not guilty" to Count II of the Information charging him with cheating. The district court inquired into the basis of the guilty plea and the owner reported the events at the time of the arrests as he remembered them. The district court found that the facts sustained the charge and accepted the guilty plea. Relator then moved that the district court dismiss without prejudice Count II of the Information for lack of evidence. The district court granted the motion. After argument by the owner's counsel, the district court sentenced the owner to pay a fine of $200. The dealer, who was not present at the hearing of December 11, 1975, entered a guilty plea in April 1976 to the charge of illegal gambling and was also fined $200.

After the owner was sentenced, the district court heard and granted an oral motion by relator to dismiss the charges against the four customers. The relevant portion of the transcript of the district court proceedings states:

"THE COURT: And in criminal cause 1116, 1117, 1119, and 1120, those being State of Montana vs. Clyde Thompson ---1116, State of Montana vs. Marjorie R. Dobson---1117, State of Montana vs. Lester P. Leischner --- 1119, and 1120---State of Montana vs. Joe D. Opp.

"The County Attorney has filed a written motion to dismiss in each of them. Do you desire to make an oral motion at this time?

"MR. FORSYTHE: Yes, Your Honor. Comes now the County Attorney for Rosebud County and moves the Court to dismiss Criminal Cause Nos. 116,117,119, and 120*(sic) for the reason that there is an insufficient evidence to support a prosecution in each of these cases, particularly with respect to Count II. I am certain that these people were unaware that there was any cheating going on in the game or they would not have participated in the game.

- 3 -

"THE COURT: They were customers in the game?

"MR. FORSYTHE: Yes, Your Honor.

"THE COURT: Very well, the motion will be granted and those cases are dismissed. * * *"

It is clear from an examination of the proceedings as set forth above, that the district court was fully aware of the facts and circumstances surrounding the motion to dismiss when it was presented.

In ordering the suspension, the district court evidently felt bound by section 94-8-414, R.C.M. 1947:

> "Every county attorney, sheriff, constable, chief of police, marshal, or police officer must inform against and make complaint and diligently prosecute persons whom they know, or concerning whom they may be informed, or whom they may have reasonable cause to believe to be offenders against the provisions of this act. The neglect or refusal of any such officer to make complaint against or diligently prosecute persons he has reasonable cause to believe to be offenders against the provisions of this act shall be deemed sufficient cause for removal from office." (Emphasis supplied.)

This statute creates a presumption that failure to follow the prescribed conduct constitutes sufficient grounds for suspension from office. However, this presumption is not irrebuttable or mandatory upon the district court. The district court's own records show that it granted relator's motion to dismiss the charges. When a motion to dismiss criminal charges is made by the county attorney and approved by the district court, the stamp of judicial approval overcomes the statutory presumption leaving no room for discretion. Suspension, absent any indication of deception or fraud upon the court, is inappropriate.

We also note that section 94-7-401, R.C.M. 1947, "Official Misconduct", under subsections (1)(a) and (4), provides for a discretionary suspension. Here, again the Court's own records show judicial approval of the prosecutor's actions.

Therefore, it is ordered that relator, John S. Forsythe, shall receive all back pay to May 19, 1976, and be reinstated in his office pending final determination of the charges against him.

Wesley Castles

We Concur:

_Ernest T. Harrison_
Chief Justice

_John Conway Harrison_

_Jim R. Kelly_

_Frank I. Haswell_
Justices.