MR. JUSTICE DALY
(dissenting).
I dissent.
Judge Bennett received a petition in his court June 22, 1976 requesting an order to show cause to suspend or cancel subpoenas directed to one Pellegrini, Boyer and Drescher, persons who had previously testified before the grand jury. The petition alleges certain acts of harassment, intimidation and improper conduct on the part of the officers in charge of the grand jury function. The pleading affirmatively alleges that the petition is one and the same that was previously presented to the district court and brought to the Supreme Court on supervisory control. This Court heard the matter on June 7, 1976, and on June 18, 1976, and ordered the order to show cause and stay set aside as to the petitioners because no sworn statements by applicants accompanied the petition that would allow the Court to proceed. The sworn support now has been filed with the present petition together with memorandum of authority.
Judge Bennett attached a copy of this petition and supporting documents to a communication addressed to the Chief Justice of this Court alleging that it appears to be the same petition previously presented to his court and the subject of our order of June 18, 1976, supra, and alleging certification or documentation held lacking before has now been added.
Judge Bennett advises that he has not acted on the petition and forwarded same to the Supreme Court because the Supreme Court has suggested “that the pith and moment of these workmen’s compensation proceedings justify special procedures. This Court [Judge Bennett’s] has learned by experience that any action taken in relation to the grand jury, other than approving of expense vouchers and ordering the filing of indictments, will be met by an application for a writ of supervisory control, which will be heard by the Supreme Court. It is then, the intent *369 of this petition [Bennett’s] to eliminate the extraordinary expenses and delay occasioned by such proceedings.”
Judge Bennett further requests:
“* * * that the Supreme Court issue its opinion on the following questions raised by the aforesaid petition” [The petition filed in the district court].
Judge Bennett lists the three questions set out above in the majority opinion and concludes:
“You are respectfully requested to review the matters set forth herein and to take appropriate action or advise this court thereon.” (Emphasis supplied.)
We have here a petition properly filed with the district court together with sworn allegations to move the district court to grant a fact hearing to determine if the petitioners are entitled to relief. Instead it is here on a request that this Court sit as a district court to save extraordinary expense and delay and to “act” on the petition or in the alternative “advise” the district court.
First the majority through some kind of reasoning, not at all clear to me, determines that the request of Judge Bennett is not one for “advisory opinion” or “advice” as set forth above but this becomes, as I understand it, a declaratory judgment action. They cite Rule 57, M.R.Civ.P., and various past declaratory judgment cases heard by this Court, none of which are in point in this matter.
Rule 57 requires that section 93-8901 —93-8916, R.C.M.1947, must be observed. The first obvious problem is how do we sit as a district court on this petition and decide issues of fact without an evidentiary hearing? The facts alleged in the petition are not agreed facts by any means. Section 93-8911, R.C.M.1947, seems to indicate that if facts are to be resolved all parties must be heard or else they would not be bound. Some of the facts the majority has decided without an evidentiary hearing are that the oppression pleaded in the petition is not sufficient to warrant relief; that certain indictments filed were based on the testimony *370 of petitioners; that further testimony of petitioners is relevant and necessary; that the Dahood petition contains only speculation and conclusions; that there are no grounds in law or fact to support harassment; the subpoenas are grounded on legitimate and lawful purpose that the defendants “seek to break up the play before it has started, and then claim the government was offside”; that, “Most witnesses that appear before the grand jury will never be indicted * * * The witnesses lose nothing by testifying * ’* *. If a witness should later be indicted, he would be accorded the full range of rights^ granted to him as a defendant in a criminal case. If, at that time, evidence is offered that is irrelevant an'objection would lie, and the legal question can be determined by a court of law * * * The constant interruption of the grand jury by witnesses who wish to litigate the validity of the subpoenas * * * could easily result in the investigation coming to a grinding halt.”, and so on. Even if this procedure could be characterized as a declaratory judgment action it has gone far beyond the original scope of inquiry. See National Surety Corp. v. Kruse, 121 Mont. 202, 192 P.2d 317, 319. It is also interesting to note that this Court in 1962 seemed to hold that “Petitioner fails to understand the purpose of the Declaratory Judgment Statutes which are civil and not criminal remedies”. Harold Goff v. State of Montana and Ed Ellsworth, Jr., 141 Mont. 605, 374 P.2d 862. See also In the Matter of Charges Against Robert DeWar, Police Officer, 169 Mont. 437, 548 P.2d 149 and State ex rel Forsythe v. Coate, 169 Mont. 384, 546 P.2d 1060.
It is my position that the questions by Judge Bennett have already been generally decided by this Court. There is no law that permits this Court to decide facts in a vacuum which will operate directly on individual petitioners in a district court cause. The district court should first determine, the facts and make its ruling and until an order is entered by the district court there is no proper application before this Court on which the majority can render its opinion. There are no circumstances *371 presented that would in law permit this Court to enter a declaratory judgment which would be binding on the petitioners in the district court.
The request by Judge Bennett should be dismissed and the matter returned to the district court so that the foundation petition preceding all of this can be heard and processed in an orderly judicial proceeding.