No.13640

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE ex rel., JOHN S. FORSYTHE,

                    Relator,

   -vs-

DISTRICT JUDGE ALFRED B. COATE,
Judge of the Sixteenth Judicial
District, County of Rosebud,

                    Respondent.

---

ORIGINAL PROCEEDING:


Counsel of Record:

    For Relator:

        Lee Overfelt argued, Billings, Montana

        Kurth, Felt, Speare and LaLonde, Billings,
         Montana
        William J. Speare argued, Billings, Montana

    For Respondent:

        Bruce Becker argued, Wolf Point, Montana
        Robert Riley argued, Missoula, Montana
        H. J. Pinsoneault, Missoula, Montana

---

                Submitted: December 16, 1976

                    Decided **DEC 30** 1976

Filed: **DEC 30** 1976

_Thomas J. Kearney_
                    Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding in which relator seeks an appropriate writ to require the respondent court to dismiss an indictment filed therein on or about March 19, 1976.

A little background of the situation is to be found in State ex rel. Forsythe vs. District Judge Alfred B. Coate, ____ Mont.____, 546 P.2d 1060, 33 St.Rep. 310, which was an original proceeding wherein relator sought a writ of prohibition to disqualify the district judge, being the respondent in the instant case, from sitting upon a grand jury investigation and to have a special prosecutor appointed from outside the judicial district to assist the grand jury. We declined to assume jurisdiction on the first matter, but did on the second and we denied the relief sought and dismissed the petition.

A few months later Forsythe was again in this Court as relator in another original proceeding with the same district judge as respondent wherein he sought a writ of supervisory control to have himself reinstated as county attorney. The situation there was that on May 19, 1976, the respondent district judge suspended Forsythe as county attorney following the return of an indictment charging relator with violating his duty to diligently prosecute public offenses by dismissing charges against four persons who were accused of participating in an illegal card game.

In the course of our opinion, State ex rel. Forsythe v. District Judge Alfred B. Coate, ____Mont.____, 522 P.2d 60, 62, 33 St.Rep. 671, we noted that the district court's own records showed that it had granted the county attorney's motion to dismiss the charges and we stated:

> "The district court's own records show that it granted relator's motion to dismiss the charges.

When a motion to dismiss criminal charges is
made by the county attorney and approved by the
district court, the stamp of judicial approval
overcomes the statutory presumption leaving no
room for discretion. Suspension, absent any
indication of deception or fraud upon the court,
is inappropriate.

"We also note that section 94-7-401, R.C.M. 1947,
'Official Misconduct', under subsections (1)(a)
and (4), provides for a discretionary suspension.
Here, again the Court's own records show judicial
approval of the prosecutor's actions.

"Therefore, it is ordered that relator, John S.
Forsythe, shall receive all back pay to May 19,
1976, and be reinstated in his office pending
final determination of the charges against him."

On October 1, 1976, Forsythe moved to dismiss the
indictment, alleging, among other things, " * * * that the charge
of failure to diligently prosecute was known to be contrary to
the facts and court records at the time of presentation to the
court". This motion was denied by Judge Coate on December 7,
1976, such order providing: "Defendant's motion to dismiss is
hereby denied; the opinion will be filed by December 21, 1976."

On December 13, 1976, Forsythe, as relator, filed his
original petition in this Court, again naming Judge Coate as
respondent, seeking an appropriate writ to require the respondent
district judge to dismiss the indictment with prejudice. Counsel
was heard ex parte and following the conclusion of the hearing
this Court issued an order calling for an adversary hearing on
December 16, 1976.

On December 14, 1976, respondent district judge filed
with this Court copy of findings of fact, conclusions of law and
judgment which were dated December 8, 1976. Therein relator's
motion to dismiss the indictment was denied and it was ordered
that judgment be entered accordingly. The district court noted
that this Court was satisfied as to the sufficiency of the in-
dictment because we had reinstated relator as county attorney
"pending final determination of the charges against him,"

- 3 -

the judge believing that the test of the sufficiency had been met. The situation was that counsel upon the original appearance was not sure whether there were other charges pending and this cautionary language was placed in our opinion for that reason. We gave no consideration to the sufficiency of the indictment nor should any be inferred.

Respondent, in response to our order of December 14, 1976, has filed an answer and motion to quash. Counsel for all parties appeared at the adversary hearing and were heard in oral presentation and the matter was taken under advisement.

Relator seeks to dismiss the indictment, which charges him with the crime of official misconduct, a misdemeanor under section 94-7-401, R.C.M. 1947, which was set forth in the following language:

> "That on or about October 19, 1975, CLYDE V. THOMPSON, JOE OPP, LESTER LEISCHNER, and MARJORIE DOBSON were each arrested and each charged with the crime of participating in an unauthorized card game, contrary to Section 62-703, R.C.M. 1947;
>
> "That on December 11, 1975, the said John S. Forsythe dismissed all the said charges of participating in an unauthorized card game;
>
> "That Section 94-8-414, R.C.M., 1947 requires the County Attorney to diligently prosecute all offenders of gambling statutes; that the dismissals were contrary to Section 94-8-414, R.C.M., 1947; that by dismissing the said charges John S. Forsythe purposely or negligently failed to perform a duty as required by Section 94-8-414, R.C.M., 1947, contrary to the form, force, and effect of Section 94-7-401, R.C.M., 1947 OFFICIAL MISCONDUCT, a misdemeanor and against the peace and dignity of the State of Montana."

We find it unnecessary to restate the detailed factual situation surrounding these dismissals as set forth in our opinion in State ex rel. Forsythe v. District Judge Alfred B. Coate, ____Mont.____, 522 P.2d 60, 33 St.Rep. 671.

An examination of the statute governing dismissal of a criminal charge clearly establishes that the district court,

- 4 -

and not the county attorney, has the authority to dismiss. Section 95-1703, R.C.M. 1947, states:

> "Dismissal on motion of court or application of attorney prosecuting. The court may, either on its own motion or upon the application of the attorney prosecuting, and in furtherance of justice, order an action, complaint, information, or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. (Emphasis added.)

Further evidence of the district court's authority to have the final say as to whether a prosecution must be completed, once started, is found in section 95-1303, R.C.M. 1947:

> "The county attorney not filing an information. If the county attorney determines an information ought not to be filed after the defendant has been held to answer following a preliminary examination or waiver thereof, or after leave to file has been granted, he must within thirty (30) days make, subscribe, and file with the clerk of court a statement in writing containing his reasons in fact and in law for not filing an information. The court must examine such statements together with the evidence filed in the case, and if upon such examination, the court is not satisfied with the statement, the county attorney shall be directed and required by the court to file the proper information and bring the case to trial."

The record of the dismissals, as set forth above, makes it clear that the district court, and not the relator, dismissed the charges. The only action of the relator was the motion to dismiss. Furthermore, the district court was fully aware of the facts and circumstances surrounding the motion to dismiss when such was presented and granted.

Under these circumstances, the relator could be prosecuted for official misconduct only if he had fraudulently misrepresented the circumstances and facts surrounding the motion to dismiss in order to gain the district court's dismissal. Absent such a showing, we find that it would be unreasonable to hold a prosecutor criminally responsible for dismissal of a criminal matter when the district court gives its stamp of judicial approval and actually accomplishes the dismissal through its order.

- 5 -

The indictment in question does not charge the relator with deception or fraud upon the district court to gain the dismissals and in no way apprises the relator that such is the basis of the criminal charge.

For these reasons, the motion to quash is denied and we grant the writ of supervisory control sought by relator and direct the respondent district court to dismiss the indictment against relator with prejudice.

_____

Chief Justice

We concur:

_____

_____

_____

Justices