No. 13786

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

THE STATE OF MONTANA,

          Plaintiff and Appellant,

-vs-

FRANK COLE, JR.,

          Defendant and Respondent.

_____

Appeal from: District Court of the Thirteenth Judicial
        District,
        Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Arthur W. Ayers, Jr., argued, County Attorney,
         Red Lodge, Montana

    For Respondent:

        Kampfe and Perhacs, Red Lodge, Montana
        D. Frank Kampfe argued, Red Lodge, Montana

_____

                    Submitted:  September 26, 1977

                    Decided: OCT 26 1977

Filed: OCT 26 1977

Thomas J. Kearney
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

The Carbon County attorney charged defendant with four counts of official misconduct under section 94-7-401, R.C.M. 1947. Defendant moved to dismiss the four count Information. The district court granted the motion to dismiss Count I and denied the dismissal of Counts II, III, and IV. The Carbon County attorney appeals the dismissal.

On January 20, 1977, the Carbon County attorney applied to the district court for leave to file an Information charging defendant with four counts of official misconduct while chairman of the Carbon County Board of County Commissioners. The county attorney supported his application with an affidavit wherein he set forth various facts tending to establish probable cause for believing defendant committed the offenses. The court granted leave to file the Information.

Count I of the Information charged that defendant, in his official capacity, had knowingly performed an act which he knew was prohibited by law (section 16-1803, R.C.M. 1947) when he entered into a contract to purchase road machinery from Allied Equipment Company for a sum in excess of $10,000 without first publishing a notice calling for bids.

On February 14, 1977, defendant filed two motions to dismiss. In the motion entitled "MOTION TO DISMISS" defendant asserted that Count I failed to charge an offense because section 16-1803 pertains only to the "county governing body" and not to an individual commissioner, such as defendant. In his motion entitled "MOTION TO DISMISS - #2", defendant alleged the affidavits he submitted in support of that motion showed he did not commit an offense.

Defendant and the Allied Equipment Company salesman and president swore in the affidavits accompanying "MOTION TO DISMISS - #2" that no contract had been entered into by defendant

with Allied, as alleged in the Information's Count I.  The affiants all asserted that, although defendant had signed an order form, the purpose of the form was to allow the salesman to order the equipment to county specifications of the equipment might be available when the county accepted equipment bids.  The affiants stated the form in no way bound Carbon County to the purchase of the machinery.  Defendant and the other two county commissioners stated in affidavits that the commissioners published a call for bids in the February 26, March 4 and March 11, 1976, Carbon County News and did not accept Allied Equipment Company's bid until the regular meeting of the commissioners on March 11, 1976.

The Carbon County attorney submitted no counter-affidavits and offered no other proof to rebut the sworn statements in the affidavits submitted by defendant.  On March 7, 1977, the district court ordered that Count I of the Information be dismissed, without setting forth the reasons for the dismissal.

The issues on appeal are whether a trial judge may dismiss a criminal case prior to trial over the objection of the prosecuting attorney, and, if he may, whether the trial judge in this case followed the proper procedure in dismissing Count I.

Appellant state of Montana notes that the district court did not specify the basis for its dismissal of Count I, and asserts that either ground for dismissal advanced by defendant was insufficient.  The state argues the proscription in section 16-1803(1), R.C.M. 1947, against a county governing body entering into certain contracts without first publishing a notice calling for bids, applied to each county commissioner individually, as well as to the commissioners as a body.  Appellant maintains dismissal for the reason that section 16-1803(1) did not apply to defendant as an individual was therefore incorrect.  Appellant

asserts that neither could the judge dismiss Count I on the basis of the affidavits defendant submitted with his "MOTION TO DISMISS - #2". The affidavits went directly to the general issue to be determined at trial, that of whether defendant had actually entered into an unauthorized contract. The state contends that issue is a question to be decided by the jury at trial and not by the judge prior to trial. As the state notes, section 95-1701, R.C.M. 1947, which sets forth the defenses and objections which a defendant may raise before trial, allows motions only for "Any defense or objection which is capable of determination without the trial of the general issue * * *." Unlike the defense of entrapment raised by pretrial motion in State ex rel. Hamlin v. District Court, 163 Mont. 16, 515 P.2d 74 (1973), defendant's defense in his "MOTION TO DISMISS - #2" went squarely to the general issue of existence or nonexistence of a contract, and was, therefore, not authorized by section 95-1701.

The judge could, however, for the reason there were insufficient facts to bring defendant to trial, dismiss Count I of the Information under section 95-1703, R.C.M. 1947, which provides "The court may * * * on its own motion * * * and in furtherance of justice, order an * * * information * * * to be dismissed * * *." The defendant in State ex rel. Forsythe v. Coate, ____Mont.____, 558 P.2d 647, 33 St.Rep. 1350 (1976), was also charged with official misconduct, and sought to dismiss the charge. This Court held the district judge in Forsythe had the authority under section 95-1703 to dismiss the indictment where he was thoroughly familiar with the facts underlying the alleged offense. The motion to dismiss by the defendant in Forsythe was in effect a motion requesting the court to exercise its discretion to dismiss a charge "on its own motion" and "in

- 4 -

furtherance of justice".  See: People v. Benson, 64 Cal.App.3d
Supp. 10, 134 Cal.Rptr. 766 (1976).

The authority of the court to dismiss an Information
under section 95-1703, however, is not unbridled.  The court
may only dismiss the Information if dismissal is "in furtherance
of justice".  Section 95-1703 further requires "the reasons of
the dismissal must be set forth in an order entered upon the
minutes."  If the reasons for dismissal are not set forth, this
Court has no basis to review whether the trial/judge exercised his dis-
cretion to dismiss within the "in furtherance of justice" standard.

The "in furtherance of justice" standard, though not
defined in section 95-1703, is not merely verbiage; rather, it
requires that the court exercise its discretion to dismiss a
criminal charge " * * * in view of the constitutional rights of
the defendant and the interests of society * * *".  State ex rel.
Anderson v. Gile, 119 Mont. 182, 187, 172 P.2d 583 (1946).  The
California courts, interpreting the California Penal Code, sec-
tion 1385, a section virtually identical to section 95-1703, R.C.M.
1947, have stated the factors which a trial court should consider
before dismissing a case, either before trial or after a verdict,
include weighing the evidence indicative of guilt or innocence,
the nature of the crime involved, the length, if any, of the de-
fendant's pretrial incarceration, and the possible harassment
and burdens imposed upon the defendant by a trial.  People v.
Superior Court of Marin County, 69 Cal.2d 491, 72 Cal.Rptr. 330,
446 P.2d 138, 147 (1968); People v. Ritchie, 17 Cal.App.3d
1098, 95 Cal.Rptr.462, 466 (1971).

Because the trial judge in this case did not set forth
the reasons for dismissing Count I, we can only guess as to the
rationale for the dismissal.  If he dismissed the Count because
he felt that an individual commissioner cannot violate section

- 5 -

16-1803, R.C.M. 1947, the rationale advance by defendant in his "MOTION TO DISMISS", the judge was incorrect. An individual commissioner may be criminally liable for official misconduct under section 94-7-401(1)(c), R.C.M. 1947, for entering into a contract for the purchase of road equipment in excess of $10,000 cost, without publishing notice calling for bids. Section 94-7-401(1)(c) states:

> "(1) A public servant commits the offense of official misconduct when, in his official capacity * * *
>
> "(c) with the purpose to obtain advantage for himself or another, he performs an act in excess of his lawful authority * * *."

Although it is true, as defendant maintains, that section 16-1803 allows only the county governing body as a unit to enter into such construction contracts, this section merely defines the scope of the commissioners' lawful authority. Any contract made by an individual board member without board approval is "an act in excess of his lawful authority", and a crime under section 94-7-401(1)(c).

Defendant maintains that the affidavits he submitted with his "MOTION TO DISMISS - #2" were uncontested by the state, clearly proved defendant had not entered into any contract, and warranted the judge in dismissing Count I "in the furtherance of justice".

Defendant asserts the judge was fully cognizant of the attendant facts of this case because the affidavits which defendant submitted with his "MOTION TO DISMISS - #2" were identical to the affidavits he submitted in support of a motion for summary judgment which the judge previously granted in a civil case. Defendant maintains that the affidavits stood uncontroverted by any other evidence in the civil case, were part of the court record, and provided the judge with the basis on which to make an informed judgment to order dismissal of Count I of the criminal Information.

- 6 -

If these were the judge's reasons for dismissing Count I, he did not state them in the record. In an order filed March 9, 1977, the judge merely stated that "IT IS ORDERED that said motion to dismiss Count I be, and hereby is, granted." The judge had no authority under section 95-1701 to grant a defendant's motion to dismiss based on a defense which went to the general issue to be determined at trial. If the judge wishes to dismiss Count I of the Information on his own motion and in the furtherance of justice, under section 95-1703, he must set forth the reasons for the dismissal in an order entered on the minutes.

The order of dismissal is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

_____
                        Chief Justice

We concur:

_____

_____

_____

_____
Justices