No. 83-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MICHAEL ROLL,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer; Jerrold L. Nye, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John L. Pratt, County Attorney, Roundup, Montana

Submitted on Briefs: August 4, 1983

Decided: October 13, 1983

Filed: OCT 13 1983

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant appeals from an order of the Fourteenth Judicial District Court, Musselshell County, denying his motion to dismiss made on grounds that judge, jury and prosecutor failed to appear for trial as originally scheduled. We affirm.

The only issue raised by defendant is whether the District Court erred in denying defendant's motion to dismiss.

Defendant was charged on December 9, 1982 with felony theft, being accused of stealing two head of cattle. Defendant pleaded not guilty and trial was set for February 22, 1983 at 9:30 a.m. in the Musselshell County Courthouse. On January 25, 1983, defendant moved for disqualification of Judge Rodeghiero, based on a conflict of interest. Judge Rapkoch was called in from Lewistown to preside at the trial. After unsuccessful plea negotiations, defense counsel was told by the prosecutor on February 17 that they would proceed as scheduled with trial on February 22.

Defendant appeared with his witness and counsel on February 22, but the clerk told them there would be no trial that day. No notice had been given to defendant or his counsel. The record does not indicate why the judge and prosecutor failed to appear for trial or why no notice was given to defendant. The District Court ordered a continuance, as shown by a February 23 minute entry resetting trial for March 28. The State explains that Judge Rapkoch continued the trial on his own motion because a trial in his home district conflicted with defendant's trial. The defendant contends that the continuance was requested by the prosecution, but there is nothing in the record to support that contention.

On February 24, defendant moved for dismissal on grounds that the judge and prosecutor had failed to appear for trial as scheduled. At defendant's request, the motion was decided on the parties' briefs without a hearing. On March 21, the District Court denied the motion to dismiss. Defendant was tried and convicted by jury on March 28 and 29. He received a three-year suspended sentence and was fined $2000. Defendant appeals denial of his motion to dismiss.

Defendant contends that failure of the State or judge to appear as scheduled at trial mandates dismissal of the charges against him. Defendant does not cite any direct authority for this novel argument. He argues on the basis of speedy trial cases that the State has a duty to prevent unnecessary delay and to assure that judge, jury and prosecution appear as scheduled, prepared to try the case. He concedes, however, that his right to a speedy trial was not violated. He further argues that because a continuance will not be granted to a defendant who fails to appear for trial, the State should not be allowed a continuance when it fails to appear. Defendant contends that these considerations require reversal of his conviction and dismissal of the charges. We reject this argument.

A defendant's motion to dismiss criminal charges is in effect a motion requesting the court to exercise its discretion to dismiss the charges "on its own motion" and "in furtherance of justice" under section 46-13-201, MCA. State v. Cole (1977), 174 Mont. 380, 383-84, 571 P.2d 87, 89. Thus, a decision whether to dismiss is directed to the discretion of the District Court, to be exercised in view of the constitutional rights of the defendant and the interests of society. Cole, 174 Mont. at 384, 571 P.2d at 89.

3

Defendant concedes that he received a speedy trial. He has suffered no prejudice as a result of the continuance. The trial was delayed for a period of 34 days, but that delay did not cause defendant any prejudice with respect to his defense or the State's case against him. The only ill effect of the delay was that defendant and his counsel made an unnecessary trip from Billings to Roundup. That is unfortunate, but does not warrant dismissal of the charges. The interests of society would be harmed if the charges were dismissed because of a harmless procedural technicality.

Although the State may have a duty to move the case rapidly to trial, there has been no showing that the State failed to do so. Defendant was tried within four months of initiation of charges against him. The scheduling conflict, which apparently necessitated the continuance, occurred because it was necessary to substitute a judge in the interest of fairness to the defendant. There is nothing in the record to show that the State asked for the continuance. Defendant's argument regarding refusal of continuances to parties who fail to appear for trial does not apply here, as there is no showing that the State moved for the continuance.

The State argues that the District Court has broad discretion under section 46-13-202, MCA to grant continuances on its own motion and in the interests of justice. In ordering a continuance, the trial court must exercise its discretion to the end that criminal cases are tried with due diligence, consonant with the rights of the defendant and the State to a speedy trial. Section 46-13-202(3), MCA. The substantial rights of the defendant were unaffected by the granting of the continuance and defendant received a speedy trial.

Further, the State argues there is no requirement that a court notify a party of a continuance. In State ex rel. Greely v. District Court (1979), 180 Mont. 317, 325, 590 P.2d 1104, 1109, this Court recommended, but did not require, that district courts decline to grant continuances ex parte in criminal cases to either party and without notice to opposing counsel, absent exigent and compelling circumstances. There is no rule that courts must give notice of continuances, although it certainly is advisable to do. Failure to give such notice does not of itself mandate dismissal.

The interests of society would be unjustly harmed if the charges against defendant were dismissed because of a harmless procedural error. The District Court did not abuse its discretion in refusing to dismiss the charges. The District Court's order is affirmed.

Justice

We concur:

Justices

5