No. 88-563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

      Plaintiff and Appellant,

  -vs-

JOEL SCHWICTENBERG,

      Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Clay Smith, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney; Craig
Friedenauer, Deputy County Atty., Missoula, Montana

    For Respondent:

        Ronald MacDonald; Datsopoulos, MacDonald and Lind,
Missoula, Montana

Submitted on Briefs: March 23, 1989

Decided: April 27, 1989

Filed:

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The State of Montana appeals the dismissal of a criminal proceeding against the defendant, Joel Schwictenburg, in the District Court for the Fourth Judicial District, Missoula County. We reverse.

The defendant was charged in justice court with failure to stop at the scene of an accident, in violation of § 61-7-104, MCA, and driving under the influence of drugs or alcohol in violation of § 61-8-401, MCA. At trial, the defendant was found guilty of failing to stop at the scene of an accident, but not guilty of driving under the influence of drugs or alcohol. The defendant then appealed his conviction to the District Court.

At a combined arraignment and omnibus hearing, the defendant pled not guilty and was released on his own recognizance. Later, he agreed to plead guilty to a violation of § 61-7-104, MCA, or failure to stop at the scene of an accident, in exchange for certain recommendations by the prosecution. A plea bargain agreement was entered into between the defendant, his counsel, and the Deputy County Attorney Craig Friedenauer. At the change of plea hearing, Mr. Friedenauer and a legal intern, Robert Long, appeared on behalf of the State. It was at that hearing that the District Court judge dismissed the proceeding against the defendant after the following exchanges:

THE COURT:          State versus Joel Schwictenburg.
                    You are Mr. Schwictenberg?

MR. SCHWICTENBERG:  Correct.

MR. FRIEDENAUR:     This is Robert Long, an intern
                    in our office.

THE COURT: Long, go get a jacket. The calendar says you are going to change your plea now; is that true?

MR. SCHWICTENBERG: Correct.

THE COURT: Is this leaving the scene of the accident?

MR. SCHWICTENBERG: Yes.

THE COURT: How do you wish to plead to that?

MR. SCHWICTENBERG: Guilty.

THE COURT: Is this in accordance with a plea bargain in this case?

MR. SCHWICTENBERG: Yes.

THE COURT: What's the plea bargain? Has anything pressured you into entering a plea, other than the plea bargain?

MR. SCHWICTENBERG: Just strictly the plea bargain.

THE COURT: In exchange for this, you are going to enter a plea, correct?

MR. SCHWICTENBERG: Correct.

THE COURT: Have any other promises or threats been made to you?

MR. SCHWICTENBERG: No.

THE COURT: Is it true that on or about the 15th of April, 1988, you were driving a Dodge pickup--wait a minute. I'm trying to find somewhere where it tells what you were charged with in practical terms.

MR. FRIEDENAUR: Do you want a copy of the Complaint?

3

THE COURT:            There is a Complaint in here
                      that charges him with DUI.
                      This is nuts. The case is
                      dismissed.

The Minutes and Note of Ruling for that date further state:

Deputy County Attorney Craig Friedenauer and the
Defendant with his counsel, Rebecca Summerville,
came into Court.

Defendant's motion to change his plea was heard and
granted. Thereupon by permission of the Court and
consent of the County Attorney the Defendant with-
drew his plea of "Not Guilty" and entered his plea
of "Guilty as charged in the Complaint."

The Court was advised that a Plea Bargain Agreement
had been entered into and is on file herein. Upon
questioning, the Court was unable to find the
appropriate documents in the Court file and there-
fore dismissed the case with prejudice.

Following the State's appeal of the dismissal, the judge
issued an order stating that he had instructed the student
intern to remove himself from the courtroom until he was
appropriately attired and that he had spent considerable time
searching through the court file for the appropriate charge
but failed to locate it. The judge offered the following
reasons for the dismissal:

1. The Missoula County Attorney's Office is
responsible for insuring compliance with the Stu-
dent Practice Rule particularly when students are
appearing in District Court proceedings in criminal
cases. The Court expects that this supervision
will be real and not perfunctory.
2. The appearance of the student, in clear
violation of the District Court Rules, indicates to
this Court the supervising responsibility is not
being held to sufficient standards.
3. The Court not being able to proceed in an
orderly fashion with the acceptance of a plea as a
result of the violation of the District Court Rules
by the County Attorney's Office was disruptive and

4

delayed the Court's proceedings. No supervisory attorney presented himself to the Court with any familiarity which would have allowed proceeding excepting an offer to get the Court a copy of the Complaint.

4. The Court finds that in order to communicate to the County Attorney's Office that this Court is dissatisfied with the degree of preparation and compliance with the Student Practice Rule providing responsible supervisory participation that it is necessary to dismiss the misdemeanor Complaint.

The issue now before this Court is whether the District Court abused its discretion by dismissing the proceeding, against the defendant with prejudice.

Section 46-13-201(1), MCA, provides that:

> The court may, either on its own motion or upon the application of the attorney prosecuting and in furtherance of justice, order a complaint, information, or indictment to be dismissed; however, the court may not order a dismissal of a complaint, information, or indictment, or a count contained therein, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order entered upon the minutes.

The dismissed charge in this case was a misdemeanor, which could arguably be said not to be subject to the "good cause for dismissal" required for felonies under the statute. As the State points out, that clause addressing felony charges was added to § 46-13-201(1), MCA, in 1985. Prior to that time, no distinction was made between misdemeanor and felony charges and either could be dismissed at the court's discretion if in furtherance of justice. "In furtherance of justice" remains the standard under the first phrase of § 46-13-201(1), MCA, which we hold to be applicable in this case. That standard has been interpreted in pre-1985 case law as meaning that the authority of the court to dismiss a

5

proceeding is not unbridled, and must be exercised in view of the constitutional rights of the defendant and the interests of society. State v. Roll (1983), 206 Mont. 259, 261-62, 670 P.2d 566, 568. See also State v. Cole (1977), 174 Mont. 380, 571 P.2d 87.

Prior to addressing whether the court's dismissal was "in furtherance of justice," the defendant raises several procedural points which he contends render the State's appeal ineffective. First, defendant contends that at the time of the appeal, no final order or judgment existed as a basis for that appeal since the District Court did not issue its order until after the filing of the State's appeal.

The District Court's written order of November 7 did not alter the substantive effect of its September 30 oral dismissal at the change-of-plea hearing. The criminal proceeding against Mr. Schwictenburg was effectively dismissed upon the court's oral declaration of September 30, which was further reinforced by the entry contained in the minutes for that date. Section 46-20-103(2)(a), MCA, authorizes the State to appeal in a criminal proceeding "from any court order or judgment the substantive effect of which results in . . . dismissing a case." (Emphasis supplied.) This section does not require that the order be in writing. Section 46-13-201(1), MCA, directs only that the reasons for felony dismissals be set forth in an order entered upon the minutes. We recognize the purpose behind the requirement that reasons for dismissal be set forth, which is to provide this Court with a basis to review whether the trial judge exercised his discretion to dismiss within the "in furtherance of justice" standard. State v. Cole, 571 P.2d at 87. In this case, however, ample basis appears from the District Court's oral dismissal of September 30, which is accompanied by the transcript of the proceeding and the Minutes and Note of Ruling,

6

to serve as a basis for review. We hold that the State could properly appeal from the court's order of September 30 dismissing the case against Mr. Schwictenburg, and that the accompanying minutes provide an adequate basis for our review of the matter.

Turning now to the substantive issue of this case, the State argues that the District Court abused its discretion in dismissing the proceeding against the defendant even if the order of November 7 is considered. The defendant argues that the District Court was justified in its action because of the court's frustration in not being able to locate a particular document which was admittedly in the court file, the appearance of the student intern in violation of the District Court Rules, the failure of the deputy county attorney Craig Friedenaur to identify himself as the supervising attorney, and Mr. Friedenaur's failure to present himself to the court as being familiar with the case.

The latter two contentions are not supported by the record, which reflects that Mr. Friedenaur was involved in the case from its inception and that the District Court acknowledged his participation. The first sentence of the minutes from the hearing states that, "Deputy County Attorney Craig Friedenauer and the Defendant with his counsel, Rebecca Summerville, came into Court." Mr. Friedenauer's name appears on the plea agreement and it is signed by him. Furthermore, it was Mr. Friedenauer who introduced the legal intern to the court at the change of plea hearing. We conclude that these justifications do not find support in the record and do not form a basis for the District Court's dismissal.

The defendant argues that it was within the court's discretion to dismiss because of its frustration in not being able to locate a document together with the failure of a

student intern to adhere to the rules of decorum. We recognize the broad discretion allowed to the District Court in enforcing its own rules, that discretion must be balanced with the interests of society as outlined in State v. Roll, 670 P.2d at 568. In balancing the absence of a court document and the failure in court decorum against the interests of society in proceeding with a case in which a plea bargain had been arranged, we conclude that the balance comes out in favor of the interests of society. We hold that the dismissal of this case was not "in furtherance of justice" and was an abuse of discretion. We hold that the dismissal is set aside with the result that the prosecution may proceed to trial on the charge of violation of § 61-7-104, MCA, or failure to stop at the scene of an accident.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices