STATE OF MONTANA, ex rel.
MARVIN WAYNE FLETCHER,
THOMAS RAYMEYER,
WILLIAM ALAN SCHIKORA, JR., DALE
DEAN ORSBORN, LOWELL LAWSON, JAMES
DANIEL DONEY, STEVEN JAMES DONEY,
LOWELL ALLEN McMILLAN, MARK DOUGLAS
BRICKEY, MICHAEL DAVID SEEFELDT,
RUSSELL CARLTON SMITH, BETTY JEAN
REICHEL, KRAIG ALAN WOOD, JOHN TICE
HENDRICKS, PATRICK DANIEL PRIOR,
RANDY DEAN NIXON, KEVIN
DEAN WALSTON,
LARRY LELAND LANMAN, PATRICIA LYNN
SEEFELDT, a/k/a TUNI SEEFELDT,
DRU ALLEN ORR,
ALBERT HARRIS WATT,
MICHAEL DAVID KNOCK,
RICHARD CARL ERICKSON,
and WILLIAM REICHEL,
Petitioners,

v.

DISTRICT COURT OF THE NINETEENTH
JUDICIAL DISTRICT
OF THE STATE OF MONTANA,
IN AND FOR THE COUNTY OF LINCOLN,
THE HONORABLE JUDGE
ROBERT S. KELLER, Presiding,
Respondent.

No. 93-121.
Dated August 26, 1993.
50 St.Rep. 992.
260 Mont. 410.
859 P.2d 992.

For Petitioners: **Ann C. German, L. Charles Evans, William A. Douglas** and **Charles Sprinkle**, Douglas & Sprinkle; **Donald L. Shaffer**, and **Amy N. Guth**, Lincoln County Public Defender, Libby; **Donald Vernay**, and **Richard DeJana**, Kalispell; **John Smith**, Missoula; and **David Stenerson**, Hamilton.

For Respondent: **Joseph P. Mazurek**, Atty. Gen., **Barbara C. Harris**, Asst., Helena; **Scott Spencer**, Lincoln County Atty.; **Robert S. Keller**, Dist. Judge; and **Lucille Briggs**, Libby.

## OPINION AND ORDER

On March 10, 1993, the Petitioners applied for a writ of supervisory control after entry of an Order filed in the Nineteenth Judicial District Court on March 5, 1993, denying the motions of the twenty-

four Petitioners to dismiss various drug cases and one burglary case because of outrageous government conduct. This Court issued an Order on March 11, 1993, staying the proceedings in the District Court and giving the District Court, the Attorney General, and the Lincoln County Attorney time to file responses to the petition for a writ.

On May 4, 1993, upon motion by the Attorney General, this Court stayed further proceedings on the petition and lifted the stay of proceedings in the District Court for the limited purpose of allowing the District Court to consider motions to dismiss which were filed by the Lincoln County Attorney at the direction of the Attorney General. The District Court held a hearing on the motions to dismiss on May 5, 1993. During that hearing, the District Court dismissed the informations pending against Petitioners Patrick Prior and John Hendricks, because of the length of their pre-hearing incarceration.

As to the remaining twenty-two Petitioners, the District Court initially denied the motions to dismiss, seeking guidance from this Court on the issue of outrageous government conduct. However, the District Court gave the Attorney General one week to file a brief in support of the motions to dismiss.

The Attorney General filed a brief in support of the motions and explained that he had reviewed the record in these cases and the applicable law on the issue of outrageous government conduct. As a result of that review, the Attorney General stated that he directed the Lincoln County Attorney not to use any evidence generated by or derived from Bradley Tilton (the Tilton evidence), the confidential informant in these cases. The Attorney General requested that, given the absence of other sufficient, untainted evidence on which to continue the prosecutions, the cases against the Petitioners be dismissed without prejudice.

Nevertheless, the District Court, by written Order and Memorandum, denied the motions to dismiss on June 14, 1993. In that Memorandum, the district judge stated that he had to "guess" this Court's position on outrageous government conduct and requested our guidance on that issue.

On June 23, 1993, this Court ordered responses to the original petition for writ of supervisory control. The Petitioners, the Attorney General, the Lincoln County Attorney, and the District Court filed briefs.

■ The applicable standard of review is whether the District Court, in denying the Lincoln County Attorney's motions to dismiss,

abused its discretion. *State v. Schwictenberg* (1989), 237 Mont. 213, 216, 772 P.2d 853, 856.

One purpose of supervisory control is:

... to enable this court to control the course of litigation in the inferior courts where those courts are proceeding within [their] jurisdiction, but by mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal or the remedy of appeal is inadequate.

*State ex rel. Forsyth v. District Court* (1985), 216 Mont. 480, 484, 701 P.2d 1346, 1348. In these cases, the Attorney General determined that there was insufficient, untainted evidence to maintain the prosecutions. He also concluded that the interests of justice and society were served when unsupported charges are dismissed. Finally, the Attorney General determined that forcing the continuation of the Petitioners' cases would result in unnecessary expenditures of time and resources.

Under such circumstances, it was appropriate that the Attorney General direct the Lincoln County Attorney to file motions to dismiss the various cases against the Petitioners. We conclude that the District Court violated the doctrine of separation of powers and abused its discretion in refusing to grant the Lincoln County Attorney's motions to dismiss. We hold that, while proceeding within its jurisdiction, the District Court was doing so under a mistake of law; that continuing these prosecutions would result in gross injustice; that the remedy of appeal is inadequate; and that our exercise of supervisory control is appropriate in this case.

In reaching these conclusions, we first look to the legal authority and responsibility of the county attorney in commencing, prosecuting, and controlling criminal cases. We then consider the authority of the Attorney General in supervising county attorneys. Next, we examine the statutory basis for dismissal of felony charges, and we then discuss the doctrine of separation of powers and abuse of discretion by the District Court. Finally, we respond to the District Court's request for guidance on the issue of outrageous government conduct.

## I — AUTHORITY AND RESPONSIBILITY OF THE COUNTY ATTORNEY

In Montana, a county attorney "not only directs under what conditions a criminal action [is] commenced, but from the time it begins until it ends his supervision and control is complete, limited only by such restrictions as the law imposes." *Halladay v. State Bank*

*of Fairfield* (1923), 66 Mont. 111, 118, 212 P. 861, 863. It is not only incumbent upon the county attorney to determine when or when not to prosecute a case, but when the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion. *State v. Booke* (1978), 178 Mont. 225, 230, 583 P.2d 405, 408.

While prosecuting attorneys have broad discretionary powers, such powers are not without limit. It has been held that a prosecutor should seek justice and not simply an indictment or a conviction. *Preston v. State* (Alaska 1980), 615 P.2d 594, 601.

The duties and responsibilities of a prosecutor are aptly summarized as follows:

> The prosecutor's role is a unique one within the criminal justice system. Though the [county] attorney must diligently discharge the duty of prosecuting individuals accused of criminal conduct, the prosecutor may not seek victory at the expense of the defendant's constitutional rights. [citations omitted] Thus, the prosecution is obligated to respect the defendant's right to a fair and impartial trial in compliance with due process of law. [citations omitted] Moreover, the prosecutor may not bring criminal charges against an individual unless supported by probable cause, and, once charges are instituted, must reveal to the court any information which negates the existence of probable cause. [citations omitted] ...
>
> [T]he role of the prosecutor ... [is not] simply a specialized version of the duty of any attorney not to overstep the bounds of permissible advocacy... In all his activities, his duties are conditioned by the fact that he "is the representative not of any ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all..." [citations omitted] Thus, the prosecutor must execute the duties of his representative office diligently and fairly, avoiding even the appearance of impropriety that might reflect poorly on the state.

*People v. Trevino* (Cal. 1985), 704 P.2d 719, 724-25, overruled on other grounds, *People v. Johnson* (Cal. 1989), 767 P.2d 1047, 1057.

Where the state determines that, in gathering evidence in a criminal case, the defendant's constitutional rights were likely violated and that there is insufficient, untainted evidence remaining on which to continue the prosecution or sustain a conviction, then the furtherance of justice and the integrity of the criminal justice system

require the prosecutor to exercise the broad discretion which he or she possesses under the law and to seek dismissal of the charges.

## II — SUPERVISORY AUTHORITY OF THE ATTORNEY GENERAL

■ Here, that mandate was clearly recognized by the Attorney General. In Montana, the attorney general has statutory authority to supervise and direct county attorneys in all matters pertaining to the duties of their office.

Section 2-15-501, MCA, provides, in pertinent part:

It is the duty of the attorney general: ... (4) to exercise supervisory powers over county attorneys in all matters pertaining to the duties of their offices and from time to time require of them reports as to the condition of public business entrusted to their charge. The supervisory powers granted to the attorney general by this subsection include the power to order and direct county attorneys in all matters pertaining to the duties of their office. The county attorney shall, when ordered or directed by the attorney general, promptly institute and diligently prosecute in the proper court and in the name of the state of Montana any criminal or civil action or special proceeding.

Under § 2-15-501(4), MCA, the Attorney General was well within his authority to review the cases against the Petitioners and to direct the Lincoln County Attorney not to use the Tilton evidence. Similarly, the Attorney General was well within his authority to then conclude that there was insufficient, untainted evidence on which to continue prosecution of these cases and to direct the Lincoln County Attorney to file motions to dismiss the charges against the Petitioners.

## III — STATUTORY BASIS FOR DISMISSAL OF FELONY CHARGES

Section 46-13-401, MCA, provides, in pertinent part:

(1) The court may, either on its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed. However, the court may not order a dismissal of a complaint, information, or indictment, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order upon the minutes.

Thus, dismissal of felony charges is allowed in the furtherance of justice and upon a showing of good cause. *Schwictenberg*, 772 P.2d at 856.

■ The showing of good cause and the furtherance of justice required under § 46-13-401(1), MCA, by the state, while minimal because of the prosecutor's responsibilities and broad discretionary powers regarding the charging and maintaining of criminal actions as outlined above, is, nevertheless, mandated, and should the district court find that either the good cause or furtherance of justice elements are not met, then the court properly exercises its discretion in denying the motion.

■ Here, the Attorney General's conclusion that there was a basis on which outrageous government conduct would likely be found in connection with Tilton's activities in these cases which, in turn, resulted in the Attorney General's direction to the Lincoln County Attorney that the Tilton evidence not be used and which left insufficient, untainted evidence remaining, certainly meets the good cause and furtherance of justice requirements of § 46-13-401(1), MCA. Notwithstanding, the District Court denied the prosecutor's motions.

## IV — SEPARATION OF POWERS AND ABUSE OF DISCRETION

■ In denying the lawful motions to dismiss filed in Petitioners' cases, the District Court intruded on the prosecutorial discretion of the Attorney General and the Lincoln County Attorney and, in so doing, violated the separation of powers between the executive and judicial branches of government.

Article III, Section 1 of the Montana Constitution provides:

The power of the government of this state is divided into three distinct branches — legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.

It has been said that the principle of the separation of powers is fundamental to the existence of constitutional government. *National Mut. Ins. Co. v. Tidewater Transfer Co.* (1949), 337 U.S. 582, 590, 69 S.Ct. 1173, 1177, 93 L.Ed. 1556, 1567. Each branch constitutes a check or balance upon the other branches, in order that no one branch has too much power in its hands. *Parker v. Riley* (Cal. 1941), 113 P.2d 873, 877.

The Attorney General and the Lincoln County Attorney are members of the executive branch, and the district judge is a member of the judicial branch. In the legitimate exercise of his authority, the Attorney General concluded that taking Petitioners' cases to trial was without proper evidentiary basis and, therefore, inconsistent with the interests of justice. This decision was well within the powers granted to the Attorney General under his authority to supervise county attorneys in criminal matters.

Similarly, in the legitimate exercise of his authority, and pursuant to the direction of the Attorney General, the Lincoln County Attorney moved to dismiss the various cases against the Petitioners. As we have stated above, because the Tilton evidence could not be used, and because there was insufficient other untainted evidence on which to continue the prosecutions, the Lincoln County Attorney's motions met the good cause and furtherance of justice requirements of § 46-13-401(1), MCA.

Under such circumstances, the District Court's denial of the motions to dismiss and its consequent intervention in the Attorney General's legitimate decision to direct the Lincoln County Attorney to dismiss the cases against the Petitioners was improper and constituted an abuse of discretion. While under § 46-13-401(1), MCA, the district court may, for good cause and in the furtherance of justice, dismiss a felony criminal charge on its own motion, it does not follow that the district court may deny a motion to dismiss filed by the prosecutor when that motion meets the good cause and furtherance of justice elements of the statute. When they are acting lawfully and within their constitutional and statutory authority, the district court may not interfere in the prosecutorial functions of the Attorney General and the county attorney — the executive branch — without violating the separation of powers embodied in Article III, Section 1 of the Constitution of the State of Montana. To hold otherwise would erode that fundamental constitutional mandate.

## V — REQUEST FOR GUIDANCE ON OUTRAGEOUS GOVERNMENT CONDUCT

Finally, in refusing to dismiss the charges against the Petitioners, the District Court requested our guidance on the issue of outrageous government conduct. Having disposed of Petitioners' application for supervisory control on the basis that the District Court violated the doctrine of separation of powers and abused its discretion in denying the Lincoln County Attorney's motions, we decline to

discuss outrageous government conduct. This Court does not issue advisory opinions. *Sink v. School District No. 6* (1982), 199 Mont. 352, 362, 649 P.2d 1263, 1268. The District Court's desire for further guidance and development of the doctrine of outrageous government conduct must await a case and controversy directly involving that issue.

IT IS HEREBY ORDERED THAT the petition for writ of supervisory control should be and is hereby GRANTED as to the twenty-two remaining Petitioners, and this matter is remanded to the District Court for dismissal, without prejudice, of the actions pending against those Petitioners.

IT IS HEREBY FURTHER ORDERED THAT the petition for writ of supervisory control as to Defendants Prior and Hendricks should be and is hereby DISMISSED, as the actions pending against them have already been dismissed by the District Court.

IT IS HEREBY FURTHER ORDERED THAT the Clerk mail a copy hereof to counsel of record for the Petitioners; Joseph P. Mazurek, Attorney General; Scott Spencer, Lincoln County Attorney; and to the Honorable Robert S. Keller, District Judge.

DATED this 26th day of August, 1993.

CHIEF JUSTICE TURNAGE, JUSTICES GRAY, TRIEWEILER, HUNT and HARRISON concur.

JUSTICE WEBER specially concurs as follows:

I concur with and join in the Opinion and Order of the majority with the exception of Part IV — Separation of Powers and Abuse of Discretion.

I agree that because the Tilton evidence could not be used, and because there was insufficient other untainted evidence on which to continue prosecutions, the County Attorney's motions met the good cause and furtherance of justice requirements of § 46-13-401(1), MCA. I also agree with the conclusion that the denial of that motion by the District Court constituted an abuse of discretion. I do not agree with the separation of powers discussion and holding which follows.

In substance the majority concludes that the District Court may not interfere in the prosecutorial functions of the Attorney General and the County Attorney without violating the separation of powers embodied in Article III, Section 1 of the Montana Constitution. That constitutional issue was not raised and a decision upon that issue is not required by this opinion.

As pointed out in the majority opinion, under § 46-13-401(1), MCA, the District Court is granted authority to dismiss a criminal complaint or information when such dismissal is in furtherance of justice and good cause for dismissal is demonstrated. Clearly that section requires an exercise of discretion by the District Court. Here this Court has agreed that denial of the motion was an abuse of discretion. I am unable to see how such an abuse of discretion under authority specifically given to the District Court somehow becomes interference in the prosecutorial functions and a violation of the separation of powers embodied in Article III, Section 1. If it was a constitutional breach to have denied the motion, then it would appear that if the court on its own motion makes an order of dismissal as provided in the statute, then it could be charged with violating the separation of powers doctrine. I would not so hold.

I would exclude any reference to the separation of powers doctrine in the majority opinion. With that exception, I join in the Opinion and Order.