DA 19-0126

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 142N

STATE OF MONTANA,

     Plaintiff and Appellant,

   v.

VAN GREGORY MUELLER and
MARTY JAY BILLMAYER,

     Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause Nos. DC-18-337 and DC 18-326
                  Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
                Attorney General, Helena, Montana

                Steven N. Eschenbacher, Lake County Attorney, Benjamin Anciaux,
                Deputy County Attorney, Polson, Montana

        For Appellees:

                Chad Wright, Appellate Defender, Koan Mercer, Assistant Appellate
                Defender, Helena, Montana

                                Submitted on Briefs:  April 8, 2020

                                     Decided:  June 2, 2020

Filed:

                      _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The State of Montana appeals two orders from the Twentieth Judicial District Court, Lake County, dismissing with prejudice two felony cases, *State v. Billmayer* and *State v. Mueller*, reasoning that the State was unprepared for trial. The State argues the District Court abused its discretion and acted arbitrarily in dismissing the two cases by failing to make the requisite finding that dismissal was in furtherance of justice pursuant to § 46-13-401(1), MCA. We reverse.

¶3     On January 29, 2019, the District Court sent the parties notice of a stacking priority for three trials set for its February 11, 2019 trial term: (1) *State v. Bigcrane*; (2) *State v. Billmayer*; and (3) *State v. Mueller*. Marty Jay Billmayer ("Billmayer") was charged with felony criminal endangerment for allegedly firing his .22 rifle seven times in a public park in Polson while intoxicated. Van Gregory Mueller ("Mueller") was charged with felony criminal child endangerment for allegedly driving while under the influence of THC, amphetamine, and methamphetamine with his young children in the vehicle.

¶4    On February 11, 2019, the day of the trials, the first defendant, Charlyn Bigcrane ("Bigcrane"), failed to appear for her 9:00 a.m. trial.  Defense counsel for Bigcrane stated that he spoke with her on Friday and they had talked in person about her being at the trial.  The District Court immediately replied: "We're done."  The court then moved to the next case, *Billmayer*.  The State explained that it was not prepared to go to trial in the *Billmayer* case since it anticipated trying *Bigcrane* and had subpoenaed witnesses for that case and not for *Billmayer*.  The State had intended to call two officers from the Polson Police Department and three witnesses of the shooting for the *Billmayer* trial.  The District Court then asked the State if there was any reason it could not get hold of its witnesses between then and 12:00 p.m.  The State replied that if it were only officer witnesses it would be possible, depending on the officer's schedules, but the State also had additional witnesses who would be difficult to track down.  The District Court then granted Billmayer's motion to dismiss the case and moved to the third case, *Mueller*.

¶5    At this point, the first defendant, Bigcrane, arrived for her trial and her counsel was ready to proceed; however, the District Court stated "[t]oo late."  The State replied that it wouldn't object to trying Bigcrane, to which the District Court provided: "I am quite sure you wouldn't.  But no.  [Bigcrane] should be arrested for failing to appear for her trial at the time that it was set."  The District Court then returned to *Mueller*.  Like Bigcrane, Mueller also did not appear for trial on time and was not present.  Defense counsel then requested to check the hallway, resulting in a pause in the proceedings.  Defense counsel returned and offered that Mueller had been seen outside the courthouse and that the snow must have held him up.  The State then requested, consistent with what

the court had done in *Bigcrane*, that Mueller be arrested for failing to appear for trial. However, the District Court replied: "He's number three. He's not number one. Let the record reflect the defendant is personally present with his attorneys . . . . Is the State ready to proceed on this matter?" The State replied that it was not prepared to proceed, due to the same reasons given in *Billmayer*. The District Court then granted defendant Mueller's motion to dismiss with prejudice. The Court also confirmed that *Billmayer* was dismissed with prejudice.

¶6 On February 13, 2019, the District Court issued an order dismissing *Billmayer*. The court provided, in a hand-written addendum, the following reason as "good cause" for dismissal with prejudice: "the State wasn't prepared and the matter set for trial." On February 15, 2019, the court issued an order dismissing *Mueller*, also including a handwritten addendum that "the State was not prepared to proceed to Jury Trial and the jury pool was present and the Court had instructed the parties to be prepared in the event the case before them did not go." The State appeals.

¶7 We review a district court's dismissal under § 46-13-401(1), MCA, for abuse of discretion. *State v. Pinkerton*, 270 Mont. 287, 290, 891 P.2d 532, 535 (1995). A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *State v. Kaarma*, 2017 MT 24, ¶ 6, 386 Mont. 243, 390 P.3d 609.

¶8 The State argues the District Court wholly failed to consider whether the dismissals were in furtherance of justice, that the dismissals did not further the interests

4

of justice, and that the Court's dismissals were arbitrary and exceeded the bounds of reason. We agree.

¶9 A district court's authority to dismiss a case pretrial is governed by § 46-13-401(1), MCA, which provides:

> The court may, either on its own motion or upon the application of the attorney prosecuting and *in furtherance of justice*, order a complaint, information, or indictment to be dismissed; however, the court may not order a dismissal of a complaint, information, or indictment, or a count contained therein, charging a felony, unless *good cause for dismissal is shown and the reasons for the dismissal are set forth in an order* entered upon the minutes.

(Emphasis added.) Under this standard, "the authority of the court to dismiss a proceeding is not unbridled and must be exercised in view of the constitutional rights of the defendant and the interests of society." *State v. Schwictenberg*, 237 Mont. 213, 217, 772 P.2d 853, 856 (1989). "[F]actors which a trial court should consider before dismissing a case, either before trial or after a verdict, include weighing the evidence indicative of guilt or innocence, the nature of the crime involved, the length, if any, of the defendant's pretrial incarceration, and the possible harassment and burdens imposed upon the defendant by a trial." *State v. Cole*, 174 Mont. 380, 384, 571 P.2d 87, 89 (1977) (citing *People v. Ritchie*, 17 Cal. App. 3d 1098, 1104-05, 95 Cal. Rptr. 462, 466 (1971)). In dismissing a case under § 46-13-401(1), MCA, it is *mandatory* that the district court make a showing of good cause and give reasons showing that dismissing the case was pursuant to the furtherance of justice. *State ex rel. Fletcher v. Dist. Ct.*, 260 Mont. 410, 417, 859 P.2d 992, 996 (1993). These reasons must be in the record, "for its main

5

purpose is to restrain judicial discretion and curb arbitrary action for undisclosed reasons and motives." *Ritchie*, 17 Cal. App. 3d. at 1104-05, 95 Cal. Rptr. at 465.

¶10    Here, the District Court failed to show good cause in issuing the dismissals and failed to show that doing so was in the furtherance of justice.  To be clear, this Court has no objection to stacking trials in the name of judicial efficiency, but the manner in which the court treated the stacked trials here was clearly arbitrary and capricious.  While a court's administrative trial concerns are important, those concerns must be balanced with the interests of society.  *Schwictenberg*, 237 Mont. at 217, 772 P.2d at 856.  The District Court dismissed with prejudice, in one sentence each, two felony cases, one involving an individual who was allegedly shooting a rifle while intoxicated in a public park and another involving an individual allegedly operating a vehicle with his young children in it while he was under the influence of several illegal substances.  Undoubtedly, the interests of the citizens of Montana and society as a whole in trying these felony criminal endangerment and child endangerment cases far outweigh the District Court's administrative trial concerns.  Further, the record indicates the District Court was not actually concerned with administering trials on the morning of February 11, 2019.  When presented with the opportunity to try *Bigcrane*, the District Court opted to order Bigcrane's arrest and dismiss the other two cases that were set for that morning.  The District Court lacked good cause to dismiss *Billmayer* and *Mueller*.[1]

---

[1] Moreover, the arrest of Bigcrane was entirely arbitrary and unnecessary, to say nothing of the inconvenience and lack of respect shown to the county residents who dutifully appeared for jury duty.  Bigcrane was late for a short period but nevertheless was available for trial, as were the counsel, witnesses, and the jury.

6

¶11 The foundational purpose of the Judicial Branch in this state is "to *expound and administer law* in those causes properly brought before them in course of legal procedure," not "for the purpose of giving effect to the will of the judge." *State ex rel. Perry v. Dist. Ct.*, 145 Mont. 287, 298, 400 P.2d 648, 653 (1965) (emphasis added). In *Schwictenberg*, the district court was found to have abused its discretion when it based its decision to dismiss a misdemeanor case on a missing court document and a prosecution intern's decorum. *Schwictenberg*, 237 Mont. at 218-19, 772 P.2d at 857. In *State v. Roll*, 206 Mont. 259, 261-62, 670 P.2d 566, 568 (1983), this Court denied a defendant's motion to dismiss his felony charges based on the fact that the prosecution, judge, and jury failed to appear for his trial, holding the district court properly continued the case since the "interests of society would be harmed if the charges were dismissed because of a harmless procedural technicality."

¶12 The District Court wholly failed to provide grounded reasons for ordering pretrial dismissals of two felony cases with prejudice. Aside from a one sentence explanation, the District Court failed to detail in any meaningful way that its action was in furtherance of justice.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 We reverse the District Court's orders dismissing *Billmayer* and *Mueller* and remand for these cases to be tried on the merits.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE


Justice Ingrid Gustafson, specially concurring.

¶15    I concur with reversing the District Court's dismissal of *State v. Billmayer* and *State v. Mueller* under the particular unique circumstances presented here.  Under the circumstances in this instance, the District Court should have proceeded to trial in *State v. Bigcrane* given her case was set as the first setting, she appeared—albeit slightly late but well before trial on any other matter could have been commenced even if all parties were prepared to proceed—and a jury was present and ready.  Had Ms. Bigcrane not appeared at all or had she appeared significantly later—such as after the jury was excused—the District Court's actions would not have been an abuse of discretion.  Here, the actions of the District Court were not for good cause and did nothing to further justice and thus, were an abuse of discretion.  I am not, however, persuaded by the State's position that it did not prepare for trial as it anticipated *State v. Bigcrane* would proceed to trial and, as such, the prosecutor "made the call" to not prepare for the scheduled trial.  There are numerous good faith means by which parties can appropriately prepare for trial when faced with stacked dockets, simply choosing not to prepare or come to court ready for

8

trial is not one of them.[1]   A prosecutor who intentionally appears unprepared for trial when, as here, he or she has been provided sufficient notice to subpoena witnesses and otherwise prepare for trial, should reasonably expect to have his or her case dismissed with prejudice.

/S/ INGRID GUSTAFSON

Justice Dirk Sandefur and Justice Laurie McKinnon join in the special concurring Opinion of Justice Gustafson.

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON

---

[1] Counsel should, at a minimum, confer with opposing counsel and the court a few business days before trial to make arrangements for how the court intends to proceed should other cases resolve or not proceed.  Counsel could issue subpoenas and advise witnesses and keep in touch with them to assure their appearance at the time they are actually called to testify.  As it appears stacking is a relatively new occurrence in this judicial district, the court should consider holding brief status conferences/hearings prior to sending out the jury call to get final commitment as to what cases are going, their order of presentation, and establish the plan for what occurs if a prior case resolves or does not proceed to trial.  Like it or not, counsel and the court must work together to develop good faith plans for handling increasingly busy trial dockets.