ORIGINAL

**FILED**

07/06/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0322

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0322

KEITH JOSHUA ELENDIL,

Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, THE
HONORABLE DAVID J. GRUBICH,
PRESIDING,

Respondent.

FILED

JUL 0 6 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Keith Joshua Elendil, via counsel, seeks a writ of supervisory control to reverse the April 21, 2023 Order Denying State's Motion to Dismiss of the Eighth Judicial District Court, Cascade County, in Cause No. ADC-21-329, in which Elendil is the defendant. We have granted Elendil's request that the District Court matter be stayed pending the resolution of this petition. At our request and pursuant to M. R. App. P. 14(7), the State of Montana, Plaintiff in the underlying matter, and Hon. David J. Grubich, District Court Judge, have responded to the petition.

On January 6, 2023, the State petitioned to revoke Elendil's suspended sentence before Judge Grubich in Cause No. ADC-21-329. At that time, Elendil was facing new charges in Cause No. CDC-23-027, also in the Eighth Judicial District Court, but before Hon. John Kutzman.

In March 2023, Elendil and the State entered into a global plea agreement to resolve both matters. Elendil agreed to plead guilty to intimidation in CDC-23-027. In return, the State agreed that it would recommend that Elendil be sentenced to five years to the Department of Corrections, with all time suspended, on the intimidation count. The State further agreed that it would move to dismiss the revocation petition filed in ADC-21-329.

On March 28, 2023, Elendil pled guilty in CDC-23-027 before Judge Kutzman. On April 18, 2023, in accordance with the plea agreement, the State moved to dismiss the revocation petition in ADC-21-329. The following day, the State and Elendil appeared before Judge Grubich at the time set for evidentiary and dispositional hearings on the revocation petition. The State advised the court that the parties had reached a global agreement, Elendil had pled guilty in Cause No. CDC-23-027, and the State wished to dismiss the revocation petition in ADC-21-329 in accordance with the agreement. The court orally denied the motion to dismiss, ruling that § 46-18-203, MCA, provides that the court must dismiss a revocation petition only if the State fails to prove by a preponderance of the evidence that the violations have occurred. The court further determined that a global plea agreement did not provide good cause to dismiss a revocation petition and that to do so would not be in the furtherance of justice as required by § 46-13-401(1), MCA.[1]

The court then directed the State to proceed with its evidence in support of revocation. Counsel for the State advised the court that the State would not call any witnesses as proceeding with the revocation hearing would violate the plea agreement. The court stated, "[T]he State hasn't met its burden because the State hasn't done anything[.]" It then advised counsel that it believed counsel was obligated to prosecute the case. Counsel for the State reiterated that the State would not call any witnesses and advised the court that he believed he was obligated to dismiss the petition in light of the plea agreement. The court then *sua sponte* took judicial notice of Elendil's guilty plea in CDC-23-027 and thereby found that the first count of the revocation petition was supported by a preponderance of the evidence.

Elendil, via counsel, objected to proceeding to disposition. The court reset disposition for a later date. On April 21, 2023, the District Court issued its Order Denying State's Motion to Dismiss in which it expanded upon its reasoning in denying the motion. In it, the court noted that the sole basis for the State's motion to dismiss was the plea

---

[1] In its subsequent written order, the District Court further determined that § 46-13-401, MCA, does not apply to revocation proceedings. We do not reach this issue and make no determination as to the applicability of § 46-13-401, MCA, to revocation proceedings.

2

agreement and that counsel for the State "gave this Court no indication that the Motion to Dismiss was based on any lack of evidence or that the [S]tate was unable (due to evidentiary support) to meet its burden to prove by a preponderance of the evidence that the Defendant violated his [sentencing] conditions . . . ." The court further noted that it "informed the parties that unless the State could demonstrate it could not meet its burden, [the court] would not dismiss the Petition."

The court found support for its ruling in § 46-18-203(9), MCA, which provides, "If the judge finds that the prosecution has not proved, by a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended or deferred sentence, the petition must be dismissed and the offender if in custody, must be immediately released." The court further determined that under the statute, it was only compelled to dismiss a petition for revocation in two circumstances: if the State fails to meet its burden of proof at the evidentiary hearing, or "if, prior to an evidentiary hearing, the State demonstrates to the Court that it cannot meet its burden to prove a defendant violated the conditions of a suspended or deferred sentence by a preponderance of the evidence."

The court acknowledged that failure to grant the State's motion to dismiss when the State determines it cannot meet its burden "would likely constitute an intrusion on the separation of powers[.]" However, the District Court distinguished the present case from *State ex rel. Fletcher v. Dist. Court*, 260 Mont. 410, 859 P.2d 992 (1993), in which we held that a district court violated separation of powers in denying a County Attorney's motion to dismiss certain criminal cases, because in Elendil's case, the District Court concluded that it did not intrude into the prosecutor's discretion because the prosecution failed to demonstrate that it could not offer evidence sufficient to meet its burden of proof.

Elendil then filed this petition for writ of supervisory control. Counsel advises us that Judge Kutzman has delayed sentencing in CDC-23-027 due to Judge Grubich's denial of the State's motion to dismiss, while Judge Grubich also continued disposition of the revocation in ADC-21-329 pending our consideration of a petition for writ of supervisory

3

control. We have since formally stayed disposition pending our resolution of this petition, and Elendil remains in custody in the Cascade County Detention Center.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

In this case, the legal question is whether the District Court correctly interpreted § 46-18-203(9), MCA, as requiring the State to demonstrate that it cannot meet its burden of proof before a court may dismiss a revocation petition. Although the standard of review is whether the District Court abused its discretion in denying a motion to dismiss, *Fletcher*, 260 Mont. at 413-14, 859 P.2d at 994, the issue here is not whether the petition should have been dismissed but whether the court correctly interpreted the dismissal statute. *See State v. Mont. Eighth Judicial Dist. Court*, Nos. OP 22-0099, 22-0100, Order (Mont. Apr. 19, 2022). Elendil, the State, and Judge Grubich all agree Elendil has no adequate remedy on appeal for the District Court's denial of the State's motion to dismiss. Elendil points out that he remains incarcerated when the plea agreement anticipates a fully suspended sentence, and the resolution of CDC-23-027 is imperiled by the uncertainty surrounding the agreed-upon dismissal of ADV-21-329. The threshold requirements having been met, we further consider whether this Court should take supervisory control in this case.

Elendil argues that under § 46-18-203, MCA, the State initiates the revocation process, offers evidence in support of revocation, and controls how that evidence is presented to the court. He maintains that the Legislature vested the prosecution with the power to prove that a defendant violated the terms of a suspended sentence in §§ 46-18-203(6) and (9), MCA. He argues that the District Court violated separation of

4

powers when, having determined that the State did not meet its burden of proof, the court on its own initiative took judicial notice of CDC-23-027 for the purpose of finding evidence in favor of revocation. We agree.

As Judge Grubich notes in his response to Elendil's petition, M. R. Evid. 201(c) allows the court to take judicial notice sua sponte. However, in this instance, it is undisputed that, after the prosecution presented no evidence and failed to meet its burden of proof, the court determined to find evidence in support of revocation. In this instance, the court was not merely taking judicial notice but actively assumed a prosecutorial role because it was dissatisfied with the prosecution's efforts. By intruding on the prosecutor's discretion, the court violated the separation of powers between the executive and judicial branches of government. *Fletcher*, 260 Mont. at 417, 859 P.2d at 996.

We have held that the minimum due process requirements for a probation revocation hearing are:

> (1) written notice of the claimed probation violation; (2) disclosure of the evidence against the defendant; (3) the opportunity to be heard in person and present testimonial and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral arbiter; and (6) a written statement of the evidence relied upon by the arbiter and the reason for revoking probation.

*State v. Finley*, 2003 MT 239, ¶ 31, 317 Mont. 268, 77 P.3d 193 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62, 36 L. Ed. 2d 656 (1973)). In this instance, Elendil did not receive due process because he had no neutral arbiter as the court assumed a prosecutorial role because it endeavored to see the allegations in the petition proven in spite of the prosecution's undisputed failure to prove those allegations.

In its Order Denying State's Motion to Dismiss, the court reiterated several times that, in order for it to dismiss the petition under § 46-18-203(9), MCA, the State must demonstrate to the court's satisfaction that the State cannot meet its burden to prove the violation by a preponderance of the evidence. That is simply not the standard.

Statutory language must be construed according to its plain meaning and if the language is clear and unambiguous, no further interpretation is required. *Maier v. State*,

2021 MT 296, ¶ 8, 406 Mont. 280, 498 P.3d 755 (quotation and citation omitted). Section 46-18-203(9), MCA, requires the prosecution to prove, by a preponderance of the evidence, that there has been a violation of the terms or conditions of the defendant's sentence. If the State fails to meet its burden of proof, the court is required to dismiss. It is not the role of the court to demand that a party prove to the court's satisfaction that no other evidence or arguments could be offered. Judge Grubich erred in grafting this requirement onto § 46-18-203(9), MCA: Once he found "that the prosecution has not proved, by a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended . . . sentence," he was required to dismiss the petition as the statute dictates.

Rather than furthering the cause of justice, the denial of the motion to dismiss has delayed it. In his response to Elendil's petition, Judge Grubich maintains that he "correctly rejected a plea agreement that was not authorized by statute." However, the plea agreement was not before Judge Grubich and it was not his decision to accept or reject it: Elendil pled guilty to the charge of Intimidation before Judge Kutzman in CDC-23-027 and he awaits sentencing on that conviction in that court. Judge Grubich's failure to extend comity to the sentencing court has delayed justice in this case as Elendil's sentencing has been postponed, and he has remained in detention, for over three months.

Having considered the petitions and responses filed, we conclude the District Court erred as a matter of law in denying the State's motion to dismiss the revocation petition in ADC-21-329. Therefore, supervisory control is warranted pursuant to M. R. App. P. 14(3).

IT IS THEREFORE ORDERED that this Petition for a Writ of Supervisory Control is ACCEPTED and GRANTED.

IT IS FURTHER ORDERED that the District Court's April 21, 2023 Order Denying State's Motion to Dismiss is REVERSED.

IT IS ORDERED that this matter is REMANDED to the District Court with instructions to DISMISS the petition to revoke in Cause No. ADC-21-329.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighth Judicial District Court, Cascade County, Cause No. ADC-21-329, and the Honorable David J. Grubich, presiding.

DATED this 6ᵗʰ day of July, 2023.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

7