FILED

02/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0284

DA 17-0284

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 24

RIMROCK CHRYSLER, INC.,

        Petitioner andAppellant,

   and

CHRYSLER GROUP, LLC,

        Franchisor,

   v.

STATE OF MONTANA DEPARTMENT OF
JUSTICE, MOTOR VEHICLE DIVISION,

   and

LITHIA MOTORS, INC., and its wholly
owned subsidiary, LITHIA OF BILLINGS, INC.,
d/b/a LITHIA CHRYSLER JEEP DODGE
OF BILLINGS,

        Respondents and Appellees.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-546
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Rodd A. Hamman, Calton Hamman & Wolff, PC, Billings, Montana

                W. Scott Mitchell, Brianne C. McClafferty, Holland & Hart, Billings,
Montana
(*Attorneys for Chrysler Group, LLC*)

        For Appellees:

                Timothy C. Fox, Montana Attorney General, Alan Joscelyn, Chief Assistant
Attorney General, A. Peter Funk, Assistant Attorney General, Helena,
Montana
(*Attorneys for State of Montana*)

Robert Y. Weller II, Kristen L. Baiardi, Abbott Nicholson, PC, Detroit, Michigan

Paul N. Tranel, Bohyer, Erickson, Beaudette & Tranel, PC, Missoula, Montana
(*Attorneys for Lithia Motors, Inc.*)

Submitted on Briefs:  November 1, 2017

Decided:  February 13, 2018

Filed:

Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Petitioner Rimrock Chrysler, Inc. ("Rimrock") appeals the April 5, 2017 Order by the Thirteenth Judicial District Court, Yellowstone County, denying Rimrock's petition for judicial review. We address the following issue:

*Whether the District Court erred by denying Rimrock's petition for judicial review.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In 2009, Chrysler, LLC, ("Old Chrysler") filed for bankruptcy and received substantial assistance from the federal government as part of the 2009 Troubled Asset Relief Program ("TARP"). Old Chrysler was required to restructure its business model and, as a condition of TARP assistance, terminated over 700 dealership agreements across the United States. Among the dealership agreements terminated was Rimrock's dealership in Billings, which occurred in May 2009.

¶4 Old Chrysler sold most of its assets to Chrysler Group, LLC ("New Chrysler"). In July 2009, New Chrysler awarded its Chrysler-Jeep franchise to Lithia Motors, Inc., and Lithia of Billings, Inc. (collectively "Lithia"), which already held a Dodge franchise in Billings, having acquired it in 2003 when Dodge was a division of Old Chrysler.

¶5 Congress enacted Section 747 of the Consolidation Appropriations Act of 2010 to enable terminated dealerships to pursue private arbitration and determine whether they should be offered a letter of intent from New Chrysler to be added to New Chrysler's dealer network. Rimrock successfully arbitrated under Section 747, and was awarded a letter of intent by New Chrysler to establish a Chrysler-Jeep franchise in Billings. New Chrysler

3

and Rimrock's agreement proposed a Chrysler-Jeep franchise location less than a mile from Lithia's existing Chrysler-Jeep dealership.

¶6 On February 23, 2011, Lithia protested Rimrock's proposed new dealership pursuant to § 61-4-206, MCA. In April 2012, the Department of Justice Motor Vehicle Division ("Department") held a hearing on the matter. At the hearing, New Chrysler advocated for Rimrock's establishment as a dealer pursuant to its obligation to issue a usual and customary letter of intent following Rimrock's Section 747 arbitration award. However, New Chrysler's witness also testified that Rimrock's proposed dealership was not viable and that its proposed location, within a mile of an existing dealership, was unprecedented. On June 26, 2012, the Hearing Examiner issued her Proposed Order on Findings of Fact and Conclusions of Law, finding good cause did not exist to re-establish Rimrock as a Chrysler-Jeep franchise in Billings as per § 61-4-205(2), MCA. In July 2012, Rimrock and New Chrysler filed exceptions with the Department to the Hearing Examiner's Proposed Order. On March 13, 2014, after performing its own review and analysis of the Hearing Examiner's Proposed Order, the Department entered its Notice of Adoption of Final Decision, and held: "[T]he Hearing Examiner's Proposed Order on Findings of Fact and Conclusions of Law is incorporated herein by reference in its entirety, and is adopted as the Department's Final Decision in this matter."

¶7 In April 2014, Rimrock filed a Petition for Judicial Review with the Thirteenth Judicial District Court, Yellowstone County. Lithia moved to dismiss Rimrock's Petition, and the District Court granted Lithia's motion to dismiss. Rimrock appealed and we reversed and remanded to the District Court for adjudication of Rimrock's Petition.

4

*Rimrock Chrysler, Inc. v. Mont. Dep't of Justice, Motor Vehicle Div.*, 2016 MT 165, 384 Mont. 76, 375 P.3d 392.

¶8 On remand, the District Court held that § 61-4-205(2), MCA, set forth a two-prong test for establishing an additional dealership in any community in which the same line-make is already represented. The prospective franchisor must show: (1) good cause for an additional new motor vehicle dealership; and (2) the additional dealership is in the public interest. In affirming the Department's Final Decision, the District Court held New Chrysler failed to meet its burden to show good cause existed to establish Rimrock as an additional Chrysler-Jeep franchise in the Billings community.

## STANDARDS OF REVIEW

¶9 We review agency decisions under the Montana Administrative Procedure Act, which provides in pertinent part:

> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
> > (a) the administrative findings, inferences, conclusions, or decisions are:
> > > (i) in violation of constitutional or statutory provisions;
> > > (ii) in excess of the statutory authority of the agency;
> > > (iii) made upon unlawful procedure;
> > > (iv) affected by other error of law;
> > > (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
> > > (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > (b) findings of fact, upon issues essential to the decision, were not made although requested.

Section 2-4-704(2), MCA; *Blaine Cnty. v. Stricker*, 2017 MT 80, ¶ 16, 387 Mont. 202, 394 P.3d 159. The same standards of review apply to both the District Court's review of the agency's decision and our review of the District Court's decision. *Blaine Cnty.*, ¶ 16. "A reviewing body's standard on review 'is not whether there is evidence to support findings different from those made by the trier of fact, but whether substantial credible evidence supports the trier's findings.'" *Blaine Cnty.*, ¶ 26 (quoting *Schmidt v. Cook*, 2005 MT 53, ¶ 31, 326 Mont. 202, 108 P.3d 511). In determining whether the findings are clearly erroneous, we apply a three-part test: (1) does a review of the record demonstrate substantial evidence supports the findings; (2) if substantial evidence supports the findings, did the agency misapprehend the effect of this evidence; and (3) if substantial evidence supports the findings and the agency did not misapprehend the effect of this evidence, does a review of the record leave the court with a definite and firm conviction that a mistake has been made. *Mercer v. McGee*, 2008 MT 374, ¶ 17, 346 Mont. 484, 197 P.3d 962.

## DISCUSSION

¶10 *Whether the District Court erred by denying Rimrock's petition for judicial review.*

¶11 The purpose of the Montana Dealer Act, § 61-4-201, MCA, et seq., is to protect an established Montana franchisee-dealer from the unequal bargaining power of an automobile franchisor. *State ex. Rel. Billings Chrysler-Plymouth, Inc. v. Dept. of Business Regulations*, No. 14597, 10, Or., 1979 Mont. LEXIS 804 (Mont. Jan. 23, 1979) ("The act is obviously intended for the protection of Montana motor vehicle retail dealers who have franchise agreements with motor vehicle manufacturers or distributors.").

6

¶12 The Act allows an existing franchisee to object to the establishment of a new or additional motor vehicle dealership of the same line-make by filing a written objection with the Department. Section 61-4-206(1)(a), MCA. Section 61-4-205(2), MCA, provides:

> A franchisor may not enter into a franchise for the purpose of establishing an additional new motor vehicle dealership in any community in which the same line-make is then represented unless there is good cause for an additional new motor vehicle dealership under a franchise and it is in the public interest.

Section 61-4-207(3), MCA, provides guidance for the Department to determine:

> whether good cause has been established for entering into an additional franchise for the same line-make[, and consider] the existing circumstances, including but not limited to:
> (a) amount of business transacted by other franchisees of the same line-make in that community;
> (b) investment necessarily made and obligations incurred by other franchisees of the same line-make in that community in the performance of their part of their franchises; and
> (c) whether the franchisees of the same line-make in that community are providing adequate consumer care, including satisfactory new motor vehicle dealer sales and service facilities, equipment, parts supply, and qualified management, sales, and service personnel, for the new motor vehicle products of the line-make.

The burden is on the franchisor to show that good cause exists to establish a new franchise in the community. The existing franchisee is entitled to the statutory protections. *Hi-Tech Motors, Inc., v. Bombardier Motor Corp. of Am.*, 2005 MT 187, ¶ 17, 328 Mont. 66, 117 P.3d 159.

¶13 "If the language [of a statute] is plain, simple, direct and unambiguous, it does not call for construction by the courts. It construes itself." *Fergus Motor Co. v. Sorenson*, 73 Mont. 122, 126, 235 P. 422, 423 (1925). "We must endeavor to avoid a statutory construction that renders any section of the statute superfluous or fails to give effect to all

7

of the words used. It is blackletter law that in the construction of a statute, the office of a judge is simply to ascertain and declare what is in terms or in substance contained therein, not to omit what has been inserted or insert what has been omitted." *Mont. Trout Unlimited v. Mont. Dep't of Nat. Res. & Conservation*, 2006 MT 72, ¶ 23, 331 Mont. 483, 133 P.3d 224 (internal citations omitted).

¶14     Rimrock argues the District Court fundamentally misapprehended the purpose of the Montana Dealer Act. Rimrock contends that the analysis was overly protectionist and makes it impossible to establish a new dealership. Rimrock also contends the District Court erred by affirming the Department's decision that limited the good cause determination to only those statutorily enumerated factors in contradiction to the non-exhaustive list in § 61-4-207(3), MCA. Rimrock maintains the existing circumstances inquiry should include the circumstances of the Billings community more generally, and that limiting the analysis of existing circumstances to Lithia as the existing franchisee is too narrow a construction of the good cause inquiry. Rimrock also asserts the Hearing Examiner failed to consider facts regarding existing circumstances that constitute good cause in favor of establishing Rimrock Chrysler-Jeep, such as market share, sales into and out of Billings, Lithia's profitability and return on sales, and the proposed Rimrock Chrysler-Jeep's impact on Lithia. Finally, Rimrock claims that many of the findings of fact were not supported by substantial evidence and other relevant and undisputed facts were not considered that would favor establishing a Rimrock franchise.

¶15     Lithia counters that the Montana Dealer Act compelled the Hearing Examiner to make findings of fact on the specific statutory facts listed in § 61-4-207(3), MCA. Lithia

notes that the District Court determined that the Hearing Examiner "did in fact go beyond the factors set forth in 207(3)(a)–(c) and considered existing circumstances in the community, contrary to Rimrock's contention." Lithia contends that the District Court properly held the Hearing Examiner's findings related to good cause are not clearly erroneous and there was no indication a mistake was made or the law improperly applied. We agree.

¶16 Section 61-4-205(2), MCA, requires that in order to establish an additional new motor vehicle dealership in any community in which the same line-make is then represented, the franchisor must demonstrate "there is good cause for an additional new motor vehicle dealership under a franchise *and* it is in the public interest." (Emphasis added.) The District Court correctly summed this up: "[T]he issue actually boils down to whether or not [New] Chrysler can prove it has good cause to add an additional same line-make dealership in the Billings market and, then, whether it would be in the public interest to do so."

¶17 Although the specifically enumerated good cause factors set forth in § 61-4-207(3), MCA, are not exhaustive, they are mandatory:

> In determining whether good cause has been established for entering into an additional franchise for the same line-make, the department *shall* take into consideration the existing circumstances, including but not limited to:
>      (a)   amount of business transacted by other franchisees of the same line-make in that community;
>      (b)   investment necessarily made and obligations incurred by other franchisees of the same line-make in that community in the performance of their part of their franchises; and
>      (c)   whether the franchisees of the same line-make in that community are providing adequate consumer care, including satisfactory new motor vehicle dealer sales and service facilities, equipment, parts

9

supply, and qualified management, sales, and service personnel, for the new motor vehicle products of the line-make.

(Emphasis added.) Boiled down, the mandatory good cause factors require the franchisor—New Chrysler—to establish that the existing franchisee—Lithia—is underperforming or otherwise not fulfilling its obligations as a dealer to the community in which it is located. New Chrysler's own testimony established the contrary—that Lithia is meeting or exceeding New Chrysler's contractual expectations.

¶18 The District Court noted "not limited to" reflects the ability for a fact finder to analyze factors beyond those set forth with specificity under § 61-4-207(3)(a)–(c), MCA. However, this non-exhaustive list does not require the fact finder to go beyond those enumerated factors with any specificity—otherwise those specifics would have been enumerated. This is especially so when, based on her consideration of the mandatory factors, the Hearing Examiner determined that the existing circumstances did not establish good cause for adding a franchise for the same line-make.

¶19 The District Court held that when New Chrysler failed to prove Lithia was underperforming and to show good cause existed to establish Rimrock as an additional franchise, the Hearing Examiner was not required to continue and inquire into the second "public interest" prong set forth in § 61-4-205, MCA. In construing two-prong tests in which both prongs must be satisfied, we have held "if an insufficient showing is made regarding one prong of the test, there is no need to address the other prong." *Whitlow v. State*, 2008 MT 140, ¶ 11, 343 Mont. 90, 183 P.3d 861. New Chrysler's failure to meet its

burden and show good cause to establish an additional franchise is dispositive and renders an inquiry into the public interest unnecessary.

¶20 Contrary to Rimrock's contention, the Hearing Examiner's findings and conclusions illustrates its decision is not based solely on a statutory protection that allowed Lithia to exist as the only Chrysler-Jeep franchise without competition in Billings. The Hearing Examiner made extensive findings of fact regarding the good cause factors pertaining to Lithia as the existing franchisee, and we may not substitute our judgment for the Department's judgment regarding the weight of the evidence. Section 2-4-704(2), MCA; *Mercer*, ¶ 17. A review of the record demonstrates substantial evidence supports the Hearing Examiner's findings; the Department did not misapprehend the effect of the evidence; nor are we left with a definite and firm conviction that a mistake has been made. *Mercer*, ¶ 17. The District Court correctly held the findings of fact were not clearly erroneous and that there was no indication that a mistake has been made or the law was improperly applied.

## CONCLUSION

¶21 The District Court did not err when it affirmed the Hearings Examiner's Findings of Fact and Conclusions of Law as adopted by the Department, and denied Rimrock's petition for judicial review. The District Court's Order is affirmed.

/S/ JAMES JEREMIAH SHEA

11

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE