Justice James Jeremiah Shea delivered the Opinion of the Court.
***337 ¶1 Plaintiff Nissa Ascencio ("Ascencio") appeals the denial of class certification by the Fourth Judicial District Court, Missoula County. We restate the issue on appeal as follows:
Whether the District Court abused its discretion by denying class certification on the basis that Ascencio failed to satisfy the M. R. Civ. P. 23(b)(3) element of superiority.
¶2 We affirm in part and remand to the District Court for further proceedings consistent with this Opinion.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Defendant Orion International Corporation ("Orion") was a small, family-owned Montana business that performed background checks on prospective employees at the request of employers. Orion's principals were Donald and Patricia Whitney. Their son Kyle Whitney handled daily business operations.
¶4 In 2012, Ascencio applied for a job with St. Luke's Hospital in Polson. St. Luke's retained Orion to perform a background check of Ascencio. The background check Orion provided to St. Luke's included "obsolete information," the inclusion of which was prohibited by § 31-3-112, MCA. The obsolete information consisted of Ascencio's criminal history that reflected a 1997 arrest for forgery that resulted in two misdemeanor convictions in 1998. St. Luke's hired Ascencio, and she worked there for approximately two years.
¶5 In 2015, Ascencio applied for a job with Missoula Bone and Joint. On May 20, 2015, Missoula Bone and Joint hired Ascencio, then retained Orion to perform a background check on her the following day. Again, the background check Orion provided to Ascencio's employer contained prohibited obsolete information, including the two 1998-misdemeanor forgery convictions as well as a Chapter 7 bankruptcy filing that was discharged in 2000. Ascencio called Orion to ask why it would be releasing illegal background checks to a prospective employer in violation of § 31-3-112, MCA, that prohibits the disclosure of such obsolete information by reporting agencies. Kyle Whitney, the Orion employee with whom Ascencio spoke, responded that he would contact ***338 Orion's attorney. On June 9, 2015, Orion issued a corrected background check of Ascencio to Missoula Bone and Joint that included the following disclaimer:
As mandated by Montana State Law, Orion International Corporation may not report Obsolete Information in any consumer *1096 report. Obsolete Information is defined as: Bankruptcy from more than 14 years of the most recent bankruptcy; judgments or suits from the longer of more than 7 years of the date of entry, or after the statute of limitations expiration; paid tax liens from more than 7 years of the date of payment; collections or accounts placed to profit and loss from more than 7 years ago; records of arrest, indictment, or conviction of a crime for more than 7 years of the disposition, release, or parole; or any adverse information from more than 7 years ago. Mont. Code. Ann. § 31-3-112.
¶6 Missoula Bone and Joint terminated Ascencio at the conclusion of her six-month probationary period, noting concerns with her background check and credit report, as well as requests for time off, not reporting when she left work early, and personality conflicts with a co-worker.
¶7 On September 23, 2015, Ascencio filed suit against Orion, asserting claims in her individual capacity, as well as a claim for class action. On October 29, 2015, Orion filed a Motion to Dismiss. On December 13, 2016, the District Court denied Orion's Motion to Dismiss. On January 25, 2017, Orion responded to Ascencio's first discovery requests, which included a list of individuals for whom Orion prepared background checks or other consumer reports. Ascencio identified at least 360 instances on this list in which Orion's reports contained obsolete information in violation of § 31-3-112, MCA.
¶8 On February 1, 2017, Ascencio moved to certify the class. Ascencio attached Orion's list with 360 names circled, defining the class as:
All persons in the state of Montana who had background or consumer reports generated by Orion International which contained obsolete information as defined under MCA § 31-3-112, from September 22, 2013 to present.
Ascencio argued the violations of Title 31, chapter 3, MCA, are common to all Plaintiffs and so similar that the illegality of all these provisions can be decided at one time in one proceeding rather than burdening the District Court with hundreds of separate cases. On March 24, 2017, the District Court denied Ascencio's motion to certify the class, determining that Ascencio met all four of the M. R. Civ. P. 23(a) prerequisites but failed to establish predominance and superiority, as required by M. R. Civ. P. 23(b)(3). The District Court noted Ascencio ***339 failed to provide evidence to support factual assertions in her briefing specifically related to the superiority issue and Orion's status as a business, which Ascencio claimed had changed and Orion had ceased operating as a Montana corporation and its principals had moved to Florida. On April 19, 2017, Ascencio moved to alter or amend the order denying class certification, asserting the District Court made a mistake of fact regarding Orion's status. Ascencio attached as an exhibit Orion's discovery responses from Orion's February 7, 2017 Defendant's Responses to Ascencio's Second Discovery Requests in which answers acknowledge Orion ceased business operations and its principals moved to Florida.[1] On June 8, 2017, the District Court denied Ascencio's motion to alter or amend.
¶9 Ascencio appeals the District Court's denials of her Motion to Certify the Class and her Motion to Alter or Amend Order. Orion cross-appeals, arguing that the District Court correctly denied class certification on M. R. Civ. P. 23(b)(3) grounds, but that it erred in its determination that Ascencio satisfied the M. R. Civ. P. 23(a) prerequisites.
STANDARDS OF REVIEW
¶10 We review a district court's decision on a motion for class certification for an abuse of discretion. Sangwin v. State , 2013 MT 373, ¶ 10, 373 Mont. 131, 315 P.3d 279 (citing Chipman v. N.W. Healthcare Corp. , 2012 MT 242, ¶ 17, 366 Mont. 450, 288 P.3d 193 ). The question is not whether we would have reached the same decision, but whether the district court acted arbitrarily without conscientious judgment or exceeded the bounds of reason. Sangwin , ¶ 10. A district court abuses its discretion if its certification order is premised on legal error. Mattson v. Mont. Power Co. , 2012 MT 318, ¶ 17, 368 Mont. 1, 291 P.3d 1209. When a district *1097 court's decision is not supported by findings as to the applicability of M. R. Civ. P. 23 criteria, it is not entitled to the traditional deference given to determinations of class status. Mattson , ¶ 17. If the district court bases its M. R. Civ. P. 23 ruling on a finding of fact, we review that finding of fact, like any other finding of fact, for clear error. To the extent that the ruling involves an issue of law, we review the District Court's application of law de novo. Mattson , ¶ 17 (citing Miles v. Merrill Lynch & Co. , 471 F.3d 24, 40-41 (2d Cir. 2006) ). ***340 DISCUSSION
¶11 Whether the District Court abused its discretion by denying class certification on the basis that Ascencio failed to satisfy the M. R. Civ. P. 23(b)(3) element of superiority.
¶12 Class action suits are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Sangwin , ¶ 12 (quoting Comcast Corp. v. Behrend , 569 U.S. 27, 33, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013). If the class representative is part of the class with the same interest and injury as class members, departure from the usual rule is justified. Sangwin , ¶ 12 (citing Jacobsen v. Allstate , 2013 MT 244, ¶ 27, 371 Mont. 393, 310 P.3d 452 ). Class action suits save courts and parties resources by allowing issues that affect every class member to be litigated in an economical fashion. Sangwin , ¶ 12 (citing Jacobsen , ¶ 27 ).
¶13 The party seeking certification bears the burden of showing the proposed class satisfies M. R. Civ. P. 23. Byorth v. USAA Cas. Ins. Co. , 2016 MT 302, ¶ 16, 385 Mont. 396, 384 P.3d 455. A trial court's evaluation of a proposed class may need to probe beyond the pleadings to determine class certification suitability; and certification entails a "rigorous analysis" that may touch on the merits of the claim. Byorth , ¶ 16. However, we caution "courts against assessing 'any aspect of the merits unrelated to Rule 23 requirements.' " Byorth , ¶ 16 (quoting Sangwin , ¶ 15 ). The rigorous analysis necessary to certify a class action fundamentally consists of two principles: first, the trial court must have some evidentiary basis for determining the moving party satisfied each M. R. Civ. P. 23 requirement; and, second, the trial court has broad discretion at the certification stage. Byorth , ¶¶ 17-19 (citing Comcast Corp. 569 U.S. at 33, 133 S.Ct. at 1432 ).
¶14 Although deferential to the trial court's determinations, we cannot affirm class certification when the record lacks evidence to support a M. R. Civ. P. 23 requirement. Byorth , ¶ 18. " Rule 23 does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes , 564 U.S. 338, 350, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011), quoted in Byorth , ¶ 17. Thus, a trial court may not simply rely on the allegations of the parties' pleadings. Byorth , ¶ 17 ; Morrow v. Monfric, Inc. , 2015 MT 194, ¶ 10, 380 Mont. 58, 354 P.3d 558 (determining "speculation or conclusory allegations are not sufficient"); Sangwin , ¶ 15 ("Actual, not presumed, conformance with Rule 23(a) is indispensable."). "The U.S. Supreme Court has never clearly defined the burden of proof at certification, and federal courts are divided on the question." Byorth , ¶ 19. This Court has never adopted a specific evidentiary standard for class ***341 certification; however, we have recognized "that certification requires at least some evidence to satisfy each of Rule 23 's requirements." Byorth , ¶ 19 (emphasis added).
¶15 Rule 23 of the Montana Rules of Civil Procedure governs class actions. First, the party seeking class certification must satisfy the four prerequisites of M. R. Civ. P. 23(a), which include numerosity, commonality, typicality, and adequate representation. Second, the party must satisfy the criteria for at least one type of class action category under M. R. Civ. P. 23(b). Mattson , ¶¶ 18-19. Ascencio seeks class certification pursuant to M. R. Civ. P. 23(b)(3). Therefore, she must satisfy the four M. R. Civ. P. 23(a) prerequisites and the two M. R. Civ. P. 23(b)(3) criteria of predominance and superiority. We have held when construing tests with multiple requirements that all must be satisfied, "if an insufficient showing is made regarding one prong of the test, there is no need to address the other prong."
*1098 Rimrock Chrysler, Inc. v. Mont. Dep't of Justice, Motor Vehicle Div. , 2018 MT 24, ¶ 19, 390 Mont. 235, 411 P.3d 1278 ; Byorth , ¶ 15 ("The absence of any one [ M. R. Civ. P. 23(a) ] prerequisite is fatal to certification.").
¶16 A trial court may certify a class under M. R. Civ. P. 23(b)(3) if:
(3) the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.
(Emphasis added.)
¶17 The District Court determined Ascencio met the four M. R. Civ. P. 23(a) prerequisites, but failed to meet her burden regarding the two M. R. Civ. P. 23(b)(3) requirements of predominance and superiority. Class certification under M. R. Civ. P. 23(b)(3) requires a finding of both predominance and superiority. For the reasons discussed below, we hold the District Court did not abuse its discretion by denying Ascencio's motion for class certification on grounds that she failed to satisfy the superiority requirement. Therefore, we need not discuss the District Court's holding regarding the predominance requirement.
***342 Rimrock Chrysler, Inc. , ¶ 19.
¶18 Ascencio maintains that superiority arises in this case because of a preference for adjudicating the multiple-parties' claims in one judicial proceeding rather than forcing each Plaintiff to proceed with separate suits, which would multiply the litigation by 360. Ascencio implies Plaintiffs expect small claims and would need to pool resources. See M. R. Civ. P. 23(b)(3)(A), (C) ; see also Worledge v. Riverstone Residential Grp., LLC , 2015 MT 142, ¶ 43, 379 Mont. 265, 350 P.3d 39. In support of her contentions, Ascencio argues that Orion ceased operations and its principals moved to Florida. Ascencio asserts the District Court erred by disregarding her argument regarding Orion's corporate status and its principals' location because she did not provide affidavits in support.
¶19 Orion counters that the District Court did not abuse its discretion when it disregarded Ascencio's unsupported allegations and unpersuasive arguments. Orion argues the facts that Orion ceased operations and its principals moved out of Montana does not alone establish or support Ascencio's argument that a class action is the superior method of adjudication here. Orion asserts Ascencio knows the principals' location, they are undisputedly subject to jurisdiction in Montana, and they are fully engaged in this litigation. Orion also highlights Ascencio's contradictory assertion that class members are limited to small recoveries and need to pool resources, when Ascencio herself seeks substantial monetary damages for defamation, invasion of privacy, emotional distress, lost wages, and loss of future earnings.
¶20 Ascencio failed to both support her allegations with evidence and demonstrate why prosecuting this case as a class action is superior to individual actions. Assuming for the sake of argument that Orion's corporate status would provide a basis for certification, the record reflects that Ascencio filed her Motion to Certify the Class on February 1, 2017, before receiving Orion's discovery responses around February 7, 2017, indicating that Orion ceased operations and its principals moved out of Montana. Ascencio's Reply Brief on the motion to certify, filed on March 9, 2017, is the first mention of the fact-without referencing any sworn testimony or attaching any evidence-that Orion ceased doing business and its principals had moved. The District Court noted: "It is improper to baldly assert facts in a brief without citation to evidence in the record. Briefs are for arguments based on the evidence, not creation of evidence." We agree. Ascencio faults the District Court for dismissing her argument regarding Orion's corporate status, yet Ascencio presented nothing in support of this argument. See Larson v. Larson , 2017 MT 299, ¶ 25, 389 Mont. 458, 406 P.3d 925 ***343 ("We *1099 will not substitute our judgment for that of the trial court on issues related to the weight of evidence. ..."). The record before the District Court at the time it ruled on Ascencio's Motion to Certify Class was devoid of any evidence to support her superiority argument. Byorth , ¶ 17 ; see also Sangwin ¶¶ 15-16. Because certification requires at least some evidence to satisfy each of M. R. Civ. P. 23 's requirements, we hold the District Court did not abuse its discretion in denying class certification based on Ascencio's failure to prove superiority with at least some evidence of an assertion she deemed quintessential to her argument. Byorth , ¶¶ 17, 19 ; Sangwin , ¶¶ 10, 15-16.
¶21 Moreover, Ascencio failed to articulate why it would be difficult for individual claimants to pursue their claims separately and why this class action is the superior method. Ascencio asserted to the District Court-without citation to legal authority or her own attachments-that, even if potential "class members wanted to bring claims on their own, they could not," and that class members have "absolutely no recourse" alternative to this class action. Ascencio's argument rests on the implication that the putative class members' claims would result in only small recoveries that would preclude bringing individual claims unless their resources are pooled. See Worledge , ¶ 43. Again, however, Ascencio offers nothing but bald assertions as to the potential recoveries of other potential class members.
CONCLUSION
¶22 Based on the record as it is currently developed, we cannot conclude that the District Court erred by finding that Ascencio failed to meet the superiority requirement of M. R. Civ. P. 26(b)(3). The order of the District Court is affirmed and the case is remanded for further proceedings consistent with this Opinion.
We Concur:
INGRID GUSTAFSON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

In her brief in support, Ascencio argued the District Court erred in three ways; however, only the arguments and discussions related to superiority are relevant to this analysis.