DA 19-0524

FILED

06/02/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 144N

NISSA ASCENCIO AND ALL OTHERS
SIMILARLY SITUATED,

        Plaintiffs and Appellants,

   v.

ORION INTERNATIONAL CORP.,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                       In and For the County of Missoula, Cause No. DV 15-1000
                       Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Christopher W. Froines, Froines Law Office, Inc., Missoula, Montana

        For Appellee:

        Bradley J. Luck, Tessa A. Keller, Garlington, Lohn & Robinson, PLLP,
        Missoula, Montana

                           Submitted on Briefs:  April 15, 2020

                                  Decided:  June 2, 2020

Filed:

                                _____
                                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nissa Ascencio ("Ascencio") appeals from an order of the Fourth Judicial District Court, Missoula County, denying with prejudice her second motion to certify class. Ascencio asserts the District Court abused its discretion in denying certification of a class action based on her failure to establish the elements of superiority and predominance pursuant to M. R. Civ. P. 23(b)(3). Alternatively, Ascencio requests remand for further discovery. We affirm.

¶3 We adopt the factual and procedural history of this case that has been previously narrated by this Court in *Ascencio v. Orion Int'l Corp.*, 2018 MT 121, ¶¶ 3-9, 391 Mont. 336, 417 P.3d 1094 (*Ascencio I*). Since our 2018 decision, three events have occurred that are relevant to Ascencio's second motion to certify.

¶4 First, Ascencio deposed Kyle Whitney, who testified that he was employed by Orion and handled "day to day operations" beginning in 2014. He also testified that his parents were the owners of Orion and his father "was always the manager." Whitney testified that Orion ceased doing business in April 2016 and his parents moved out of Montana to Florida. Second, the District Court denied Orion's Motion for Partial

2

Summary Judgment seeking a ruling that, as a matter of law, its inclusion of obsolete adverse information in Ascencio's background report was negligent and not willful. The District Court concluded that the issue must be resolved by the trier of fact. Third, discovery closed.

¶5 On May 3, 2019, the District Court postponed a settlement conference to allow Ascencio to move to re-open discovery. The District Court had given Ascencio specific instructions in a separate order on April 1, 2019, detailing its requirements in the event of a motion to re-open discovery. The Order warned Ascencio that she must comply with express instructions, including "proposals for deadlines for the remaining case milestones, including the exchange of final witness and exhibit lists, final pretrial motions, and the final pretrial order," or risk summary denial. The District Court gave Ascencio the opportunity to extend discovery, but her subsequent motion did not comply with the District Court's express, substantive instructions regarding the request. On July 8, 2019, the District Court denied Ascencio's motion for additional discovery.

¶6 The District Court again denied Ascencio's motion to certify class on the grounds that she failed to establish the necessary criteria of predominance and superiority pursuant to Rule 23(b)(3). The predominance element requires that "the questions of law or fact common to the class members predominate over any questions affecting only individual members." M. R. Civ. P. 23(b)(3). The District Court held that there are individualized factual disputes not common to all potential class members and that the following two questions were dispositive: (1) the existence of a factual dispute over whether Orion willfully or negligently included obsolete information in her background

3

report; and (2) a factual dispute over how Ascencio was damaged by the inclusion of that information. The District Court held that the first question would determine whether the person is entitled to pursue exemplary damages, and that, even if this question could be resolved in a single ruling applicable to every potential plaintiff, the second question of individual damages would overwhelmingly dominate the proceedings.

¶7 The District Court also found that Ascencio failed to satisfy the superiority requirement of Rule 23(b)(3). Ascencio was required to demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." M. R. Civ. P. 23(b)(3). While Ascencio argued that the evidence that Orion had closed shop and its principals had moved out of state substantially changes our previous analysis on this issue, *see Ascencio I*, ¶ 21, the District Court disagreed finding that the calculations of each of the potential plaintiffs' damages would be particularly difficult in a class action case.

¶8 We review a district court's decision on a motion for class certification for an abuse of discretion. *Sangwin v. State*, 2013 MT 373, ¶ 10, 373 Mont. 131, 315 P.3d 279. In our review, we afford the trial court the broadest discretion because it "is in the best position to consider the most fair and efficient procedure for conducting any given litigation." *Sangwin*, ¶ 10.

¶9 A party seeking class certification must satisfy the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequate representation and the two criteria of predominance and superiority under Rule 23(b)(3). Where a party fails to make a sufficient showing regarding one prong of the test, there is no need to address the

4

other prong. *Ascencio I*, ¶ 15. Ascencio has not satisfied the superiority criteria in this case.

¶10    Regarding the superiority criteria, a class action will generally meet this element in instances where each putative member is limited to "small recoveries," since such recoveries "do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617, 117 S. Ct. 2231, 2246 (1997) (citation omitted); *see also Worledge v. Riverstone Residential Grp., LLC*, 2015 MT 142, ¶¶ 43, 48, 379 Mont. 265, 350 P.3d 39.

¶11    Ascencio fails to argue any new substantive facts related to the superiority element that would change our previous holding. She again argues that a class action is superior because "other litigation methods are unavailable to the class members" since their claims would result in only small recoveries and "pooling their resources is the only practical way to pursue these claims." Ascencio fails to explain with record evidence why a class action would be superior to other methods since, based on her own claim seeking significant monetary damages, it is unlikely that other putative class members would be limited to small recoveries. *See Ascencio I*, ¶¶ 18-20. Ascencio has failed to support her allegations with evidence and demonstrate why prosecuting this case as a class action is superior to individual actions.

¶12    Finally, Ascencio's request for remand for further discovery fails. A trial court is allowed broad discretion in enforcing its own rules. *State v. Schwictenberg*, 237 Mont. 213, 218, 772 P.2d 853, 857 (1989). Discovery had already closed in this case at the time Ascencio motioned to re-open discovery. The District Court's April 1, 2019 order

5

specifically warned Ascencio that she must comply with its express instructions regarding a motion to re-open discovery. Ascencio failed to comply with the District Court's instructions. Accordingly, we decline to disturb the District Court's interpretation of its own requirements for motions to re-open discovery after it had closed.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR