FILED

10/21/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0052

DA 25-0052

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 243N

HERU SPENCER, an individual,

      Plaintiff and Appellant,

  v.

CHASE-SKOGEN PROPERTY MANAGEMENT,
INC., a Montana Corporation,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-23-796A
                Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Heru Spencer, Self-Represented, Bozeman, Montana

      For Appellee:

          Robert D. Reiley, The Rabb Law Firm, PLLC, Bozeman, Montana

Submitted on Briefs:  August 20, 2025

Decided:  October 21, 2025

Filed:

_____
                       Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Heru Spencer appeals from an order of the Eighteenth Judicial District Court, Gallatin County, (1) striking his untimely amended complaint, (2) denying leave to amend, and (3) dismissing his August 22, 2023 complaint against Chase-Skogen Property Management, Inc. (and an individual associated with it) under M. R. Civ. P. 12(b)(6) on claim preclusion grounds. The District Court's interpretation and application of the law were correct. We affirm.

¶3 We review de novo a dismissal under Rule 12(b)(6) and a court's application of claim preclusion for correctness. *Western Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35; *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494. Denial of leave to amend is reviewed for abuse of discretion; futility is reviewed de novo. *Deschamps v. Treasure State Trailer Court, Ltd.*, 2010 MT 74, ¶ 18, 356 Mont. 1, 230 P.3d 800; *Advocates for Sch. Tr. Lands v. State*, 2022 MT 46, ¶ 7, 408 Mont. 30, 505 P.3d 825. Due process claims are reviewed plenarily. *In re Estate of Boland*, 2019 MT 236, ¶ 18, 397 Mont. 319, 450 P.3d 849.

**Res Judicata**

¶4 Res judicata bars a subsequent claim that a party had the opportunity to litigate earlier. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, 130 P.3d 1267. The elements are: (1) same parties or privies; (2) same subject matter; (3) same issues or issues that could have been raised; (4) same capacities; and (5) a valid, final judgment on the merits by a court of competent jurisdiction. *Brilz*, ¶ 22; *Gibbs v. Altenhofen*, 2014 MT 200, ¶ 10, 376 Mont. 61, 330 P.3d 458.

¶5 The first and fourth elements are satisfied because Spencer previously litigated against Chase-Skogen regarding the same tenancy and eviction, and he now adds an individual whose alleged liability arises solely from his role as the company's agent. Privity includes such agency relationships where the parties' interests are identical, and liability is coextensive. *Brilz*, ¶¶ 21-23.

¶6 The second and third elements are met as well. The facts underlying Spencer's current claims—lease-settlement performance, move out timing, rental assistance disbursements, security deposit disposition, and alleged harassment and stalking associated with the eviction—arose entirely from the tenancy and eviction transaction. Claims stemming from that same transaction or occurrence were compulsory counterclaims in the prior eviction litigation and may not be reasserted now. M. R. Civ. P. 13(a)(1)(A); *Diana's Great Idea, LLC v. Jarrett*, 2020 MT 199, ¶¶ 25-27, 401 Mont. 1, 471 P.3d 38 (applying "logical relationship" test); *Peters v. State*, 285 Mont. 345, 351-52, 948 P.2d 250, 254 (1997); *First Bank v. Mont. Fourth Jud. Dist. Ct.*, 226 Mont. 515, 521-23, 737 P.2d 1132,

1135-36 (1987). Spencer does not identify distinct, post-judgment torts supported by new factual allegations; rather, his assertions repeat those previously adjudicated.

¶7 Finally, the fifth element is also satisfied. The Justice Court's default judgment in the possession action constitutes a valid, final judgment for preclusion purposes. *Reservation Operations Ctr., LLC v. Scottsdale Ins. Co.*, 2018 MT 121, ¶ 8, 391 Mont. 383, 419 P.3d 121. Spencer neither moved to set aside the judgment nor pursued an appeal. Although the District Court later reversed a separate damages award, that limited ruling did not reopen the settled liability or possession determinations, nor did it permit claim-splitting.

¶8 Because all five *Brilz/Gibbs* elements are satisfied, the District Court correctly dismissed Spencer's complaint as precluded.

**Leave to Amend under M. R. Civ. P. 15**

¶9 A court may deny leave to amend for undue delay, prejudice, or futility. M. R. Civ. P. 15(a)(2); *Kershaw v. Mont. Dep't of Transp.*, 2011 MT 170, ¶ 25, 361 Mont. 215, 257 P.3d 358; *Diana's Great Idea*, ¶ 16. Here, Spencer sought leave six months after the court-imposed deadline and nearly nine months after the Answer, without identifying newly discovered, non-precluded facts. Because the proposed amendment would merely add an individual agent and replead allegations arising from the same eviction events, it would not overcome preclusion and would thus be futile. *Advocates for Sch. Tr. Lands*, ¶ 7. The court acted within its discretion in denying leave to amend.

4

**Due Process Claims**

¶10     Due process requires notice and an opportunity to be heard appropriate to the case. *Britton v. Brown*, 2013 MT 30, ¶ 28, 368 Mont. 379, 300 P.3d 667.  The record reflects that Spencer filed numerous papers, participated in hearings, and pursued an appeal.  He identifies no specific filing, hearing, or request that the court refused to consider, and no ruling turned on any alleged clerical delay.  Even if occasional filing difficulties occurred, Spencer shows no prejudice affecting substantial rights.  M. R. Civ. P. 61.  Accordingly, no due process violation occurred.

**Conclusion**

¶11     The District Court correctly applied claim preclusion, acted within its discretion in denying leave to amend, and committed no due process error.  We affirm.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of the applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

5